## 44721. COCHRAN et al. v. HORNER.

WHITMAN, Judge. The enumerations of error in this case assert that it was error for the court not to charge certain sections of the Uniform Commercial Code, to wit: *Code Ann.* §§ 109A-2—312 (1, 2); 109A-2—602 (1, 2). No requests were made of the court to charge these statutory provisions but an exception was made for failure to so charge.

The case involves a simple sale of goods. From the evidence it appears that the buyer, defendant Cochran, accepted the goods and paid the seller therefor by two checks, but stopped payment immediately. The seller sued the buyer on account and introduced the checks as evidence of the debt. There is no dispute as to the quality or quantity of the goods or as to the amount of the purchase price.

The testimony of the defendant buyer was that immediately after he received the goods and had given his checks, he learned that a third party would claim a lien on the goods and that they were in fact attached two days later and eventually sold at public outcry.

The plaintiff's evidence was that he was the owner of the goods, having received them in lieu of wages owed him by his employer who had gone out of business.

The third party referred to testified for the defendants that the company which went out of business was indebted to him in a certain amount for goods which he had sold to it over a period of months; that he had gone to the company's place of business seeking to collect his debt and while there he had seen and recognized those goods; that later on that same day he saw these same goods at the defendants' place of business; that he told the defendants of his relationship to the goods and that he was going to have them attached; and that he executed an attachment against the goods the following morning. The jury returned a verdict for the plaintiff and the defendants appeal from the judgment entered thereon.

1. The issue for determination was whether or not the seller had conveyed to the buyer a good title, free from any security interest, lien or encumbrance. A seller of goods so warrants. *Code Ann.* § 109A-2—312 (1, 2). The trial court charged the jury: "[T]he issue for you to determine is one of title, that is who had title to this yarn at the time that sale was

made. If you believe from the evidence in this case that the plaintiff was given this yarn for labor performed by him, then and in that event he would have good title because his pay, even though it was in yarn, for work done, labor performed, would take precedence over any other claims or liens if it was given to him by a proper officer of the company and under circumstances of no suspicion, whereby it was in payment for actual labor performed. Now, if you do not believe that it was given to him for labor performed, or if you believe it was not given to him in the way and manner which he claims it was given to him, by a proper officer of the company and under proper circumstances, then he would not have good title to it. So as I say, the question for you to determine, Gentlemen, is mainly title, who had title to this property at the time it was conveyed. If the plaintiff had title to it then he would be entitled to recover his money. If he did not have title to it then he would not be entitled to recover."

While this instruction was not in the language of *Code Ann.* § 109A-2—312, this was not error in itself. The instruction did charge the obligation of a seller with regard to title and was properly adjusted to the evidence in the case.

2. *Code Ann.* § 109A-2—602, which the defendants contend should have been charged, provides that where goods may be *rightfully* rejected, the rejection may be accomplished in the manner therein set forth. It appears that this section of the Commercial Code is intended to apply where the quantity or quality of the goods, or the time of delivery, etc., do not conform to the terms of the sale. But even if we assume that this section also has relation to status of title and a rejection is made on that account, the question becomes one of whether the rejection is rightful or wrongful, which determination will, of course, ultimately depend on whether or not the seller had the type of title he warranted. This section recognizes that *wrongful* rejections may occur and refers to *Code Ann.* § 109A-2—703 for the seller's remedies in such event, one of which is an action for the price.

So in the final analysis, in a case such as the one sub judice where title becomes the stumbling block, the determination of who breached the contract depends on the proof that is forthcoming later in time as to what the status of title was at the time of the sale.

In our opinion, that portion of the charge previously set forth adequately instructed the jury as to the determinative law in the matter. There was no error in not charging the language of *Code Ann.* § 109A-2—602.

3. The sufficiency of the evidence to support the verdict is not questioned.

*Judgment affirmed. Jordan, P. J., and Hall, J., concur.*

SUBMITTED SEPTEMBER 9, 1969—DECIDED FEBRUARY 13, 1970—
REHEARING DENIED MARCH 3, 1970.

*McCamy, Minor, Phillips & Tuggle, Joseph T. Tuggle, Jr.,* for appellants.

*Mitchell & Mitchell, Warren N. Coppedge, Jr.,* for appellee.