28667. HARRIS et al. v. HINE.

ARGUED MARCH 11, 1974 — DECIDED APRIL 30, 1974.

*J. R. Cullens, Neely, Freeman & Hawkins, William E. Cetti, William A. Ingram,* for appellants.

*Rogers, Magruder & Hoyt, Dudley B. Magruder, Jr., Jack Rogers, C. King Askew,* for appellee.

GRICE, Chief Justice.

The controlling issue in this appeal is whether a purported contract for the purchase of cotton fails to conform with the formal requirements of the statute of frauds provision of the Uniform Commercial Code (Ga. L. 1962, pp. 156, 176; Code Ann. § 109A-2—201 (1)), so as

to require dismissal of a complaint seeking specific performance.

The action was commenced in the Superior Court of Bartow County by E. W. Hine, d/b/a Hine Cotton Company against H. E. Harris, Jack Harris and Ray Harris, individually and d/b/a H. E. Harris & Sons, a partnership.

The complaint sought temporary and permanent injunction against the defendants from selling, pledging or otherwise disposing of their cotton to anyone other than the plaintiff, and for specific performance of a contract to sell it to the plaintiff.

It alleged in material part that the defendants had contracted with the plaintiff, as is the custom of long standing in the cotton industry, to sell him all the cotton produced on their land; that he had legally obligated himself to supply the cotton involved to several named cotton mills; that subsequent to the time the defendants contracted with him a shortage of cotton occurred and the price per pound increased on the open market from 30 cents a pound in March to 70 cents a pound in October of 1973, when the suit was brought; that on September 10, 1973, he called upon the defendants by letter for adequate assurance of performance of said contract in accordance with Code Ann. § 109A-2—609 (Ga. L. 1962, pp. 156, 217); that thereafter the defendants repudiated the contract by letter; that the cotton in question is unique and irreplaceable because of its scarcity; that he will suffer severe, disastrous and irreparable harm if the defendants dispose of the cotton in violation of the contract; that he fears they will do so unless restrained and enjoined by the court; and that he is ready to pay the defendants the purchase price in accordance with the contract.

Copies of all documents referred to were attached to the complaint.

Each defendant filed an answer denying the essential allegations and each moved to dismiss the complaint for failure to state a claim upon which relief could be granted.

A hearing was held on the motion for interlocutory injunction at which arguments were heard on the

motions to dismiss. No evidence of any kind was offered or stipulated. Thereupon, the trial judge entered the order herein appealed, denying the defendants' motions to dismiss and granting the interlocutory injunction sought by the plaintiff.

In compliance with the terms of the order the plaintiff has posted bond in the amount of $140,000 to secure the difference between the contract price and the market price of the cotton involved, the defendants have posted $15,000 bond to secure payment of the bond premium incurred by the plaintiff, and the cotton has been delivered to a warehouse.

The order overruling the motions to dismiss the complaint and granting the interlocutory injunction was certified for immediate review.

■ The trial court did not err in overruling the defendants' motions to dismiss.

It is contended that the complaint was defective because the writing attached thereto was insufficient to show a contract between the parties as defined by the statute of frauds provision of the Uniform Commercial Code.

The document in controversy is dated March 9, 1973, and recites as follows: "This agreement is entered into this date wherein Hine Cotton Company, 103 East Third Street, Rome, Georgia agrees to buy from H. E. Harris and Sons, Route 1, Taylorsville, Georgia all the cotton produced on their 825 acres. The rate of payment shall be as follows: 1) All cotton ginned prior to December 20, 1973, and meeting official U. S. D. A. Class will be paid for at 30 cents per pound. Below Grade Cotton at 24 1/2 cents per pound. 2) All cotton ginned on or after December 20, 1973 will be paid for at the rate of 1000 over the CCC Loan Rate with Below Grades being paid for at 24 1/2 cents per pound. Settlement will be made on net weights on Commercial Bonded Warehouse Receipts with U. S. D. A. Class cards attached with $1.00 per bale being deducted from the proceeds of each bale."

The writing was signed by E. W. Hine for Hine Cotton Company and H. E. Harris for H. E. Harris & Sons.

The statute of frauds provision of the Uniform

Commercial Code as adopted in Georgia, which is pertinent here, states that "a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable beyond the quantity of goods shown in such writing." Ga. L. 1962, pp. 156, 176 (Code Ann. § 109A-2—201 (1)).

The Court of Appeals in applying this section quoted approvingly from the Comment to Section 2-201 (1) of the 1962 Official Text of the Uniform Commercial Code from which the Georgia statute was taken, to the effect that "The required writing need not contain all the material terms of the contract and such material terms as are stated need not be precisely stated. All that is required is that the writing afford a basis for believing that the offered oral evidence rests on a real transaction . . . Only three definite and invariable requirements as to the memorandum are made by this subsection. First it must evidence a contract for the sale of goods; second, it must be 'signed,' a word which includes any authentication which identifies the party to be charged; and third, it must specify a quantity." *Jinright v. Russell,* 123 Ga. App. 706, 707 (182 SE2d 328).

Growing crops, including cotton, are "goods" within the contemplation of the above section (see Ga. L. 1962, pp. 156, 173; Code Ann. § 109A-2—105 (1)). It is undisputed that the defendant H. E. Harris signed the writing on behalf of H. E. Harris & Sons. A quantity was sufficiently shown for an "output" contract for the sale of all the defendants' cotton produced on their 825 acres (see Ga. L. 1962, pp. 156, 185; Code Ann. § 109A-2—306 (1)). The document indicated that an agreement to sell had been made.

Clearly this was more than the mere unaccepted offer the defendant contended it to be, and was sufficient to satisfy the requirements of the Uniform Commercial Code statute of frauds for an enforceable contract.

Therefore we unhesitatingly hold that the trial court correctly denied the defendants' motions to dismiss upon the ground that the complaint failed to state a claim upon which relief could be granted.

■ The grant of the interlocutory injunction was likewise not improper.

This was not a final adjudication on the merits. Indeed, it was agreed at the hearing that there were issues to be decided upon the trial in regard to whether there was a business partnership of the defendants and what was a landlord's interest in the cotton crop. The purpose of the grant of the interlocutory injunction was solely to maintain the status quo pending a final determination of the suit, so as to prevent any threatened wrongful act or refusal to act of any party.

Consequently, we find no abuse of discretion on the part of the trial judge which would warrant reversal of the grant of interlocutory injunction. See in this connection, *Pendley v. Lake Harbin Civic Assn.*, 230 Ga. 631 (1a) (198 SE2d 503) and cits.

In our view, the judgment was not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*