72692. HOWARD v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.
(350 SE2d 776)

POPE, Judge.

Appellee St. Paul Fire & Marine Insurance Company brought this action against appellant John L. Howard seeking recovery of insurance proceeds previously paid to Howard on a 1980 claim filed against St. Paul's insured. The complaint alleged that Howard had submitted false and fraudulent documentation in the 1980 claim and thus had wrongfully received the insurance proceeds. Howard counterclaimed against St. Paul alleging malicious prosecution and at the same time brought in the Insurance Crime Prevention Institute and its agent, M. Wayne Walker, as defendants in counterclaim. Following extensive and protracted pretrial discovery, St. Paul moved for summary judgment as to Howard's counterclaim. St. Paul also moved to strike certain documents submitted by Howard in response to the summary judgment motion. The trial court granted both the summary judgment and the motion to strike, and Howard brings this ap-

peal.

The facts show that in February of 1978 Howard filed a claim for loss of property with Aetna Life & Casualty Company. In support of this claim, Howard produced receipts as evidence of ownership of certain photographic equipment lost as the result of a burglary of his residence. In October 1980, as a result of an employment transfer to Atlanta, Howard sustained another loss of property and filed a claim with the moving company's insurer, St. Paul. In support of the 1980 claim for loss, Howard submitted as evidence of ownership some of the same documents which had been filed in support of his 1978 claim. An independent adjuster evaluated Howard's claim, and the claim was approved for payment in due course.

In 1981 St. Paul referred the Howard file to the Insurance Crime Prevention Institute (ICPI) for further investigation to determine whether or not Howard had committed insurance fraud by filing duplicate claims. ICPI is a non-profit, independent organization supported by assessments levied against approximately 400 companies within the insurance industry and whose purpose is to investigate cases of potential insurance fraud on referral from participating companies where there is a suspicion on the part of the referring company that the insured party may be guilty of fraud. The Howard case was assigned to M. Wayne Walker, a special agent of ICPI, who investigated the matter and recommended criminal prosecution. Upon approval of this action by his superiors at ICPI, Walker presented the case to a magistrate, who ruled that probable cause existed for the issuance of a warrant for the arrest of Howard for the crime of theft by taking. A preliminary hearing was held and the case then bound over to the grand jury. The district attorney's office, after reviewing the matter, decided not to present the matter to the grand jury as that office felt there was insufficient evidence for a criminal conviction.

1. In granting St. Paul's motion for summary judgment, the trial court found that St. Paul was "not a proper party to . . . Howard's action for malicious prosecution as [it] in no way participated in nor directed said prosecution. . . ." Howard's first three enumerations of error attack this ruling, arguing that a genuine issue of fact remains as to whether or not an agency relationship existed between St. Paul and ICPI.

By affidavit in support of its motion for summary judgment, St. Paul effectively denied any agency relationship between it and ICPI. To counter this factual assertion, Howard cites only the following testimony of ICPI Agent Walker: "Q. You were the individual who signed the warrant on behalf of St. Paul? A. On behalf of the Insurance Crime Prevention Institute. Q. But they weren't the victim, were they? A. No. St. Paul was the victim. Q. So, the nature of your com-

plaint was that you were signing a warrant, in essence, on behalf of St. Paul, were you not? A. Right." We find these circumstances controlled by the holding in *Shivers v. Barton & Ludwig*, 164 Ga. App. 490, 491 (296 SE2d 749) (1982): "A review of the record demonstrates that any manifestations of implied agency or apparent authority arose only through the words or acts of [Walker], the alleged *agent*. However, apparent authority to do an act is created as to a third person by written or spoken words or any other conduct of the *principal* which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him. The authority of an agent in a particular instance need not be proved by express contract; it may be established by the *principal's conduct and course of dealing*, and if one holds out another as his agent, and by his course of dealing indicates that the agent has certain authority, and thus induces another to deal with his agent as such, he is estopped to deny that the agent has any authority which, as reasonably deducible from the conduct of the parties, the agent apparently has. Thus, where the only evidence that a person is an agent of another party is the mere assumption that such agency existed, or an inference drawn from the actions of that person that he was an agent of another party, such evidence has no probative value and is insufficient to authorize a finding that such an agency exists." (Citations and punctuation omitted.) The alleged principal's denial of an agency relationship not having been opposed with credible contentions supporting such relationship, the trial court did not err in granting summary judgment in favor of St. Paul on Howard's counterclaim. See *Entertainment Developers v. Relco*, 172 Ga. App. 176 (2) (322 SE2d 304) (1984); *Aetna Cas. &c. Co. v. Malcolm*, 149 Ga. App. 754 (256 SE2d 117) (1979).

2. Howard's remaining enumeration cites as error the trial court's granting St. Paul's motion to strike. At issue here are several business documents of St. Paul and ICPI which were provided to Howard during the course of discovery and attached to Howard's response to a motion for summary judgment filed by ICPI and Walker. Also at issue is the affidavit of a purported "theft and fraud investigations expert." Howard asserts that all these items are admissible as evidence to explain conduct and ascertain motives. See OCGA § 24-3-2.

Assuming arguendo that Howard's assertions as to the admissibility of these items is correct, we find no cause for reversal resulting from their exclusion in this case. "When [an appellant] brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party. It is not every erroneous exclusion of evidence that will suffice to reverse a judgment, and a case will not be reversed for error in the

rejection of evidence unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. It is for the reviewing court to determine whether prejudice has resulted; and if such exclusion did not prejudice the complaining party, and could not have affected the result, the error is harmless." (Citations and punctuation omitted.) *Dill v. State*, 222 Ga. 793, 794 (152 SE2d 741) (1966). We find no prejudice to Howard by the trial court's exclusion of the tendered items in this case, for even if they had been admitted in evidence the result reached in this case (summary judgment in favor of St. Paul) would be the same.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED OCTOBER 22, 1986 —
REHEARING DENIED NOVEMBER 10, 1986 ▮▮▮▮▮▮▮▮

*Jonathan O. Oden*, for appellant.
*Eugene A. Medori, Jr., Burton L. Tillman, Jr.*, for appellee.