A89A2128. LIPSEY MOTORS v. KARP MOTORS, INC.
(389 SE2d 537)

BIRDSONG, Judge.

Appellant Lipsey Motors appeals the judgment entered in favor of appellee/plaintiff Karp Motors in the amount of $21,800, asserting that the trial court erred in denying appellant's motion for directed verdict on three specific grounds.

The evidence when construed in the light most favorable to the verdict is as follows. Sidney Karp had three Cadillac automobiles that he had not been able to sell rapidly. He contacted Ralph Lipsey, owner of Lipsey Motors, and the two men orally negotiated a sale of

the vehicles. Ralph Lipsey subsequently signed certain drafts in the amounts agreed upon for the wholesale purchase of the cars. Lipsey informed Karp that he would need 30 days' time to pick up the drafts. Subsequently, Lipsey sent his son and some drivers to take possession of the cars. Two weeks later, Lipsey Motors sold one of the vehicles, paid Karp, and picked up its draft on that car. The other cars apparently could not be timely sold by Lipsey Motors. Lipsey called Karp and requested more time, stating that he did not currently have enough funds to pick up the drafts. Karp gave Lipsey an additional 30 days. The second 30-day period expired and Lipsey visited Karp's office. Lipsey asked for an additional 15-20 days to enable him to pick up the drafts. Thirty more days passed and Karp contacted Lipsey who stated he could not pick up the drafts. The drafts were sent to the bank, but were returned unpaid due to the directions of Lipsey. Lipsey had the two remaining vehicles returned to Karp Motors, but Karp thereafter timely informed Lipsey that the return of these vehicles was not accepted.

The evidence is in conflict as to the circumstances under which certain documents, such as the odometer statements and buyer's orders, were signed. However, it appears that the documents were signed by appellant's son. Appellant made an admission in judicio that he sent his son who worked for the company to pick up the cars, that his son subsequently informed him that he had signed some open papers and "the contract" at Karp Motors, that his son was aware of the nature of the documents he signed, that he was aware that his son signed the odometer statement and that these statements include the words, "Federal regulations require you to make the odometer mileage upon transfer of ownership"; and, that Lipsey told his son it did not matter what he signed as they would be paying for the cars when he sold them anyway.

Lipsey Motors denied that a sale of the automobiles either had been contracted for or had occurred, but asserted that it had possession of the cars only on consignment. *Held*:

1. Appellant asserts that the trial court erred in denying its motion for directed verdict because no valid contract existed under Georgia law.

Appellant claims that the contract was invalid because it was not in writing in violation of the statute of frauds. OCGA § 11-2-201 (1). " 'The required writing need not contain all the material terms of the contract and such material terms as are stated need not be precisely stated. All that is required is that the writing afford a basis for believing that the offered oral evidence rests on a real transaction . . . Only three definite and invariable requirements as to the memorandum are made by this subsection. First it must evidence a contract for the sale of goods; second, it must be "signed," a word which includes any au-

thentication which identifies the party to be charged; and third, it must specify a quantity.' " *Harris v. Hine*, 232 Ga. 183, 186 (1) (205 SE2d 847). Examining each document in toto, we find that the two drafts and the two buyer's orders both independently and collectively meet the *Harris* test. Each draft contained the notation "(GA. CARS) TAG-TAX REGISTRATION AND TITLE MUST BE EN-CLOSED"; identified one motor vehicle by year, make, model, and serial number; identified the parties by business name; specified the amount of the draft; and contained the legible signature of Ralph Lipsey. Moreover, each buyer's order on its face also meets the requirements of *Harris*. Assuming without deciding that Lipsey's son signed the buyer's orders without authority, Lipsey Motors would remain bound nonetheless under both the doctrine of apparent agency and the doctrine of ratification. OCGA §§ 10-6-51; 10-6-52; *Fireman's Fund Ins. Co. v. Davis*, 42 Ga. App. 49 (155 SE 105). "If a person imposes upon another the duties and responsibilities involving the management and control of a *matter of business*, the agent will be presumed to have [the] authority to represent his employer in any matter within the scope of his apparent authority." (Emphasis supplied.) Id. at 60. There exists some evidence of record to establish both an apparent agency, and Lipsey's subsequent ratification by both conduct (selling of one automobile and requesting additional time in order to pick up the remaining drafts) and silence (knowingly electing not to repudiate timely in toto his son's actions). " 'To bind the principal, there is no necessity for a positive or direct confirmation on his part, of the act of the agent, but it may arise by implication, from the acts or proceedings of the principal in pais. [Cits.] And for this purpose the acts and conduct of the principal are construed liberally in favor of the agent. Slight circumstances and small matters will sometimes suffice to raise the presumption of ratification.' [Cits.] A ratification by the principal refers back to the act ratified, and becomes effective as if originally authorized; and a ratification once made can not be revoked." *Napier v. Pool*, 39 Ga. App. 187, 196 (4) (146 SE 783).

"Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." *Pendley v. Pendley*, 251 Ga. 30 (1) (302 SE2d 554); OCGA § 9-11-50. " 'The standard of appellate review of the trial court's denial of a motion for directed verdict is the "any evidence" standard.' " *F. A. F. Motor Cars v. Childers*, 181 Ga. App. 821 (1) (354 SE2d 6). As there was some evidence to establish the existence of a valid contract under Georgia law, the trial court did not err in its ruling.

2. Appellant asserts that the trial court erred in denying appellant's motion for directed verdict based upon the uncontroverted evi-

dence that there was no attempt by appellee Karp Motors to mitigate damages *by any means* including resale of the automobiles in question.

The trial court instructed the jury regarding appellee's duty to mitigate damages by paraphrasing the statutory language of OCGA § 13-6-5. No enumeration of error has been filed concerning this instruction.

The record reveals that Karp testified after the cars were returned to Karp Motors over protest "[t]hey were on the sales lot, but I couldn't sell them, I don't own them. So, I pulled them off of the sales lot and secured them in a fence so that I could protect them as best as I could. . . ." Lipsey admitted in judicio that he saw the cars in Karp's lot "a couple of times"; the cars were "on the front line, right where I picked them up from." This evidence shows that for some period of time the cars were on Karp Motors' sales line, and that thereafter they were secured to protect them. It may be inferred from this evidence that, at least while the cars were on the sales line, some attempt was being made to secure a purchaser for them on behalf of Lipsey Motors, and that subsequently placing the cars behind a fence would help protect them from vandalism and negligent damage. Thus, some evidence exists from which the jury could conclude that Karp Motors attempted to mitigate appellant's damages, as far as practicable, by the use of ordinary care and diligence. Accordingly, the trial court did not err in denying the motion for directed verdict as asserted in the above enumeration of error. *F.A.F. Motor Cars*, supra; *Spivey v. Eavenson*, 150 Ga. App. 429 (1) (258 SE2d 54).

3. Appellant asserts that the trial court erred by denying its motion for directed verdict as there was no evidence of actual damages suffered by appellee as a result of the alleged breach of contract by appellant.

Appellant argues inter alia that appellee Karp Motors failed to present any evidence of the market value of the automobiles; and, that absent any such evidence, the jury was not authorized to award appellee damages. The record reflects that appellee offered evidence of the purchase price of the vehicles at the time the contracts were entered. Purchase price is reflected in the two drafts and in the buyer's order. Karp further testified that he and Lipsey agreed upon the price before the documents were signed, and that the terms of the sale were for $10,500 for one automobile and $11,300 for the other.

In addition, Lipsey, owner of Lipsey Motors who had been doing business with the Karps for over 25 years, admitted in judicio that he had taken the cars in November and returned the cars the latter part of the following February or the first part of March. He further admitted that there had been no devaluation in the cars; that they were worth as much when he returned them as when he had received them.

The purchase price of an automobile is relevant and admissible to establish its value at the time of purchase. See *Builders Transport v. Hall*, 183 Ga. App. 812, 815 (1) (360 SE2d 60). Moreover, the admission of value of the cars by Lipsey, a used car dealer with years of experience, established the fair market wholesale value of the cars at the time of their return to Karp Motors. See OCGA § 24-9-66.

Appellant asserts that the measure of damages contained in OCGA §11-2-708 should be applied. We disagree. OCGA § 11-2-602 (3) "recognizes that *wrongful* rejections may occur and refers to [OCGA § 11-2-703] for the seller's remedies in such event, one of which is an action for the price." *Cochran v. Horner*, 121 Ga. App. 297, 298 (2) (173 SE2d 448).

In *Autotax v. Data Input Corp.*, 136 Ga. App. 141, 142 (220 SE2d 456), we held that as an exception "[t]he contract price can be recovered when the promisee has substantially performed his promise prior to the breach by the promisor. In this type of case, the promisor's full performance (less damages for any minor breaches) is due and becomes the measure of damages. *A common example occurs in situations involving the sale of chattels.*" (Emphasis supplied.)

Moreover, "a suit on an open account may be maintained for the price of goods sold under a contract where the price has been agreed upon by the seller and purchaser and where the seller has performed his part of the agreement and nothing remains to be done except for the purchaser to make payment." *Wolfe v. Brown-Wright &c. Corp.*, 87 Ga. App. 12, 14 (73 SE2d 82); see *Gage v. Tiffin Motor Homes*, 153 Ga. App. 704 (1) (266 SE2d 345); see also *Ale-8-One &c. v. Graphicolor Svcs.*, 166 Ga. App. 506 (7) (305 SE2d 14). The complaint in the case sub judice is sufficient to have placed appellant on notice of several theories of recovery, including that of suit on open account. See generally *Ouseley v. Foss*, 188 Ga. App. 766, 768-769 (374 SE2d 534).

We are satisfied that some evidence of record exists, in fact, under each of the above theories, to support the verdict of the jury. Accordingly, this enumeration of error is without merit. *F.A.F. Motor Cars*, supra.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED DECEMBER 1, 1989 —
REHEARING DISMISSED DECEMBER 15, 1989.

*John R. Calhoun, Gregory V. Sapp*, for appellant.
*Clark & Clark, Fred S. Clark*, for appellee.