## A90A2194. HUNTER v. ROBERTS.
### (404 SE2d 645)

PoPE, Judge.

Plaintiff/appellant Isaiah Hunter III d/b/a Hunter Grading Contractors, Inc. ("plaintiff") brought suit for breach of contract against defendant/appellee Terry Roberts d/b/a T. S. Roberts & Son, Inc./ Drilling Services ("defendant"). Plaintiff held a subcontract from The Columbus Company to perform certain work in connection with building a runway at the Gwinnett County Airport. Plaintiff in turn subcontracted the blasting work on the contract to defendant. Defendant ceased work on the project shortly after it began. The trial court granted summary judgment to defendant apparently on the basis of a release signed by an employee of plaintiff.

1. Defendant moves this court to dismiss the appeal on the ground that it is untimely. The record shows the order granting summary judgment from which this appeal is taken is dated June 19, 1990, and the notice of appeal was filed July 6, 1990. However, defendant argues this was the second order entering summary judgment on the same issues and is therefore a nullity. The order to which defendant refers was not included in the record on appeal. However, we can take judicial notice of the record filed in the application for interlocutory appeal previously filed in this case in our court. See *Petkas v. Grizzard*, 252 Ga. 104 (312 SE2d 107) (1984). It is apparent that the earlier order, dated January 25, 1990, was not a final order subject to direct appeal. The order reads in pertinent part: "The Court finds that there are no genuine issues to be tried with respect to any material facts and that *the only remaining question is one of law.*" (Emphasis supplied.) The order clearly reserved ruling on questions of law. The order then cites OCGA § 5-6-34 (b) as the mechanism for appeal, but no certificate of review was entered within the time allowed by the Code section and the time for appeal pursuant to that statute is not one that can be extended. OCGA § 5-6-39. Therefore, the order was, for all practical purposes, a nullity. Defendant's motion to dismiss the appeal is denied.

2. Our review of the record shows that questions of material fact remain and summary judgment was not appropriate. The basis for defendant's motion for summary judgment was the release signed by Clyde Brannen, an employee of plaintiff. The release was handwritten, undated and read in its entirety: "As of 1-16-87 Drilling Services div [sic] of T. S. Roberts & Sons, Inc. is released from contract dated Nov __ to do drilling & blasting on Gwinnett Co Airport box culvert." It was signed "Clyde D. Brannen/Vice Pres. Hunter Grading."

Plaintiff adduced the affidavit of Isaiah Hunter to the effect that Clyde Brannen was not a vice president of Hunter Grading Contractors, Inc., and that he had no authority to enter contracts or release

others from contracts on behalf of the plaintiff. Hunter further averred that he had never introduced Brannen as a vice president of the company during the Gwinnett County Airport project. Affidavits also are in the record from two former employees of Hunter to the effect that Brannen was not a vice president during the time they were employed by Hunter as office managers, and did not have authority to bind the corporation. In his affidavit, Brannen averred he was never a vice president of Hunter Grading, but rather worked as field superintendent, and that he signed the release only after defendant harassed him on the job site.

Defendant relied upon the release as written and signed by Brannen as vice president. Also, defendant produced the affidavit of Richard Patterson, who was president of Controlled Blasting, the company hired by Brannen to complete the work defendant had contracted to do. Patterson averred that he was led to believe Brannen was vice president of Hunter Grading with authority to enter contracts on behalf of the company. Attached to Patterson's affidavit as an exhibit was the contract between Patterson's company and Hunter Grading signed by Brannen with the notation of "V.P." next to his signature. Defendant Terry Roberts averred that Isaiah Hunter introduced Brannen to him as vice president of Hunter Grading and told him to deal with Brannen on the project and that Brannen had full authority to administer the project.

" 'Questions of the existence and extent of an agent's authority are generally for the triers of fact.' [Cit.]" *Allen & Bean v. American &c. Ins. Co.*, 153 Ga. App. 617, 619 (266 SE2d 295) (1980). Given the conflicts in the record regarding Brannen's authority, a genuine issue of fact exists regarding his authority to bind plaintiff by the release he signed.

Questions also remain whether plaintiff ratified the actions of Brannen. In his affidavit, Hunter avers he specifically rejected the release signed by Brannen and any further payment by his company to defendant. Hunter avers he did not ratify Brannen's actions in hiring Controlled Blasting to complete the work begun by defendant. Of course, defendant points to the hiring of Controlled Blasting by Brannen, in which he signed the contract with the notation "V.P.," and the payment received by defendant after he received the release for work previously done, as evidence of ratification. "Whether or not the facts and circumstances of the particular case show a ratification of the acts of one alleged to have been acting for the . . . principal, is ordinarily a question for the jury. [Cit.]" *Burke County Bd. of Education v. Raley*, 104 Ga. App. 717, 721 (1) (123 SE2d 272) (1961).

*Judgment reversed. Beasley and Andrews, JJ., concur.*

320

*Wood & Meredith, Hugh C. Wood, Dwight A. Meredith*, for appellant.

*Palmer, Howard & Clark, Glen W. Clark, Jr.*, for appellee.