### A96A0520. THOMAS REGISTER OF AMERICAN MANUFACTURERS, INC. v. PROTO SYSTEMS ELECTRONIC PACKAGING, INC.
(471 SE2d 235)

ANDREWS, Judge.

Thomas Register of American Manufacturers, Inc. (Thomas Register) sued Proto Systems Electronic Packaging, Inc. (Proto Systems) to collect amounts allegedly owed for advertising placed by Proto Systems in the Thomas Register publication. After a bench trial, the trial court entered judgment in favor of Proto Systems, and Thomas Register appeals.

At trial, Proto Systems admitted that its sales vice president authorized Thomas Register to place the advertisement in the publication for a fee. There was no dispute that the advertisement appeared in the publication and no dispute over the amount charged for the advertisement. Proto Systems' sole defense was that it had no liability for payment because the sales vice president had no authority to purchase the advertisement on behalf of Proto Systems.

Although Thomas Register presented testimony from its sales representative that Proto Systems' sales vice president appeared to have authority to purchase the advertisement, Proto Systems' chief

executive officer gave undisputed testimony that the sales vice president had no authority to do so. Whether or not the sales vice president had actual or apparent authority to order the advertisement on behalf of Proto Systems was a question of fact for the trial judge, and there was evidence to support a determination that the sales vice president acted without actual or apparent authority. *Hunter v. Roberts*, 199 Ga. App. 318, 319 (404 SE2d 645) (1991); *Jester v. Hill*, 161 Ga. App. 778, 781-783 (288 SE2d 870) (1982). There is no merit to Thomas Register's contention that the evidence demanded a contrary finding.

However, even assuming the sales vice president had no authority to purchase the advertisement, Thomas Register also produced uncontradicted evidence that Proto Systems ratified the purchase by making a partial payment on the amount due. The Thomas Register sales representative, who had personal knowledge of the transaction, testified that Proto Systems made a $500 partial payment on the total amount due. An invoice to Proto Systems for the advertisement was also introduced without objection showing a $500 payment on the amount due, which was received about nine months after the initial invoice was sent at about the time the advertisement appeared in the publication.

Even if the sales vice president purchased the advertisement without authority, Proto Systems is liable for the purchase if it subsequently ratified the unauthorized act of its sales vice president. OCGA §§ 10-6-1; 10-6-51. Ratification may occur by the principal's partial payment on an allegedly unauthorized agreement. *Pioneer Concrete Pumping Svc. v. T & B Scottdale Contractors*, 218 Ga. App. 596, 597-598 (462 SE2d 627) (1995); *Holliday Constr. Co. v. Sandy Springs Assoc.*, 198 Ga. App. 20, 21 (400 SE2d 380) (1990). When an agent acts in excess of his authority, "the principal may not ratify in part and repudiate in part; he shall adopt either the whole or none." OCGA § 10-6-51.

Ordinarily, whether or not a principal has ratified the unauthorized act of an agent is a question of fact for the factfinder. *Burke County Bd. of Ed. v. Raley*, 104 Ga. App. 717, 721 (123 SE2d 272) (1961). In this case, however, Thomas Register provided undisputed evidence that months after the advertisement was purchased, appeared in the publication, and invoiced, Proto Systems made a partial payment on the amount due. In the absence of any evidence to the contrary, there was an unrebutted presumption that Proto Systems ratified the unauthorized purchase by its sales vice president. *Thompson v. Neely & Wilcox*, 32 Ga. App. 131, 134 (123 SE 171) (1924). Accordingly, as contended by Thomas Register, the record reflects a ratification by Proto Systems as a matter of law leaving no factual question to be resolved by the trial court on the issue of liabil-

ity. *Holliday Constr. Co.*, supra at 21; *Thompson*, supra at 134.

Since it appears the trial court's judgment in favor of Proto Systems was based on the conclusion that the evidence did not sufficiently establish a partial payment by Proto Systems, we set aside the judgment as clearly erroneous. OCGA § 9-11-52 (a). The judgment of the trial court is reversed and the case remanded with directions that judgment be entered in favor of Thomas Register in an amount to be determined by the trial court in accordance with the evidence.

*Judgment reversed and remanded with directions. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 29, 1996 —
RECONSIDERATION DENIED MAY 10, 1996 —
RECONSIDERATION DISMISSED JUNE 20, 1996 —

*Karl J. Howe, Jr.*, for appellant.
Beverly B. Butner, Gary Smith, *pro se*.
*McLeod & Associates, G. Kennedy McLeod, Jr., Emilie A. Minor*, for appellee.