

# Missouri Court of Appeals

## Southern District

### Division One

BLACK RIVER ELECTRIC COOPERATIVE,  )
A Missouri Rural Electric Cooperative,      )
                                            )
                      Appellant,            )
                                            )
        vs.                                 )        No. SD33444
                                            )
PEOPLE'S COMMUNITY STATE BANK,   )        FILED: May 4, 2015
n/k/a PEOPLE'S COMMUNITY BANK,    )
                                            )
                      Respondent.           )

### APPEAL FROM THE CIRCUIT COURT OF REYNOLDS COUNTY

Honorable Kelly W. Parker, Judge

**AFFIRMED**

Acting as a financing conduit under a USDA loan program, Black River borrowed $450,000 from the USDA and re-lent it to a Mr. Baker to start a business. Black River had required a letter of credit (LOC) as loan security; its file contained one purportedly issued by People's Bank (Bank).

When Baker defaulted several years later, still owing $129,000, Black River made claim on the LOC. Bank disclaimed any knowledge of it and refused to pay. Black River sued to collect.

The case was tried without a jury. One contested issue was whether Irv Ellington (an imprisoned former Bank vice president) had apparent authority to issue the LOC on Bank's behalf.[1]

Black River called four witnesses; Bank called five. Neither party requested findings of fact or conclusions of law. The trial court took the case under advisement and, according to its judgment, considered witness credibility and all the evidence in finding for Bank and against Black River.

On appeal, Black River claims the judgment is against the weight of evidence and that the trial court misapplied the law. *See **Murphy v. Carron***, 536 S.W.2d 30, 32 (Mo. banc 1976). Missouri Court Rule 73.01(c) drives us to reject both assertions and affirm the judgment.

## Analysis

Rule 73.01(c) applies to court-tried cases and requires:

- the trial court, "if requested by a party," to issue written findings on "controverted fact issues specified by the party," and
- appellate courts to view fact issues without specific findings "as having been found in accordance with the result reached" by the trial court.

Here, no findings of fact were requested or made, so we presume all fact issues were resolved in Bank's favor and will affirm if the judgment is correct under any reasonable theory supported by the record. ***Frick's Meat Products v. Coil Construction***, 308 S.W.3d 732, 736 (Mo.App. 2010).

---

[1] It was stipulated that Ellington lacked express authority to do so. Other contested issues Black River needed to win to prove its claim included genuineness of Ellington's signature and whether the LOC secured Baker's loan. We need not reach the latter issues given our disposition as to apparent authority.

2

Ellington's apparent authority was an issue of fact. ***Robertson Canning Co. v. Davis***, 15 S.W.2d 882, 883 (Mo.App. 1929). *See also **Masek Distributing v. First State Bank & Trust***, 908 F. Supp. 856, 862 (D. Kan. 1995) (question of fact whether assistant vice president of bank had apparent authority to issue LOC); ***Thomas Register v. Proto Systems Elec. Packaging***, 471 S.E.2d 235, 236 (Ga.App. 1996) (vice president's apparent authority was fact question). We presume Ellington was found to lack such authority. Rule 73.01(c).

The weight of evidence showed otherwise, urges Black River.

We disagree. Proof on this contested fact issue involved witness testimony, the party with the burden of proof lost, and no findings of fact were requested. "A party who fails to [request findings of fact] forfeits that advantage on appellate review, because the trial court's findings are considered as having been found in accordance with the judgment." ***Pearson v. Koster***, 367 S.W.3d 36, 44 n.3 (Mo. banc 2012).

Without written findings, we lack a nuanced understanding of how the trial court weighed the testimony and evidence on this contested issue. In civil cases as in criminal, a fact-finder "***always*** can disbelieve all or any part of the evidence, just as it always may refuse to draw inferences from that evidence." ***State v. Jackson***, 433 S.W.3d 390, 392 (Mo. banc 2014). Credible, believable, even uncontradicted proof of *evidentiary* facts may not prove a contested issue of *ultimate* fact to the fact-finder's satisfaction. A party with the burden of proof cannot merely offer a submissible case; it must "convince the fact-finder to view the facts favorably to that party." ***Letterman v. Director of Revenue***, 412 S.W.3d 459, 464 (Mo.App. 2013). This

is because "evidence never proves any element until the [fact-finder] says it does." ***Jackson***, 433 S.W.3d at 392.

So we fall back on this rule: Defer to the trial judge. He was "in a better position to weigh the contested and conflicting evidence in the context of the whole case." ***Ivie v. Smith***, 439 S.W.3d 189, 206 (Mo. banc 2014). He could "judge directly not only the demeanor of witnesses, but also their sincerity and character and other trial intangibles that the record may not completely reveal." ***Id***. We defer both to express findings and those supplied by Rule 73.01(c). ***Id***.

This dooms Black River's against-the-weight challenge. This court "will not re-find facts based on credibility determinations through its own perspective." ***Id***. If we resolve "all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit" (***Houston v. Crider***, 317 S.W.3d 178, 187 (Mo.App. 2010)), we cannot find the weight of evidence on Black River's side of the scale.

This trial court listened to and observed nine witnesses, and according to its judgment, considered "all of the evidence" and "credibility of all of the witnesses" in reaching its decision. What was said in ***Pearson,*** 367 S.W.3d at 41, also fits here:

> This Court further holds that the plaintiffs do not prevail on their claim that the trial court's judgment is against the weight of the evidence. This Court generally refuses to substitute its opinion for that of the trial court on disputed factual issues by re-weighing the evidence in a court-tried case.... The trial court made credibility assessments and weighed the evidence at trial in reaching its judgments. Because this case involves judgments for the defendants, who have no burden of proof, and because neither party requested findings of fact that would assist in appellate review, this is not a case in which this Court should substitute its judgment for that of the trial court on the evidence regarding disputed factual issues.

4

We reject Black River's claim that the weight of evidence compelled the trial court to find Ellington's apparent authority was proved.

Alternatively, Black River claims the trial court misapplied the law on apparent authority. "The trial court erred in applying the law to the facts," argues Black River in a complaint that misses the mark.

It is *this court* that considers apparent authority unproven, per Rule 73.01(c), after Black River elected not to obtain *the trial court's* finding. Having foregone its right to know what the trial court found, Black River forfeits that advantage in this court (**Pearson**, 367 S.W.3d at 44 n.3), where it now must overcome a rule-required adverse finding.[2]

The apparent authority "finding" we consider is the rule-driven result of Black River's trial strategy, not legal error by the trial court as Black River's point claims. "We will not convict a trial court of an error it did not commit." **Hunt v. Hunt**, 65 S.W.3d 572, 577 (Mo.App. 2002).

## Conclusion

On the issue of apparent authority, Black River's points fail. We need not reach other claims or arguments. We deny all motions taken with the case and affirm the trial court's judgment.

DANIEL E. SCOTT, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

WILLIAM W. FRANCIS, JR., PJ/CJ – CONCURS

---

[2] We do not criticize this strategy, which Bank also employed. Had Black River won at trial, it would enjoy the appellate advantage.