**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 10, 2020**

# In the Court of Appeals of Georgia

A19A1719. MSM POLY, LLC v. TEXTILE RUBBER AND CHEMICAL COMPANY, INC.

PHIPPS, Senior Appellate Judge.

The Superior Court of Whitfield County entered an order enjoining Appellants MSM Poly, LLC ("MSM Poly") and Patrick Mickle ("Mickle") (collectively, "Appellants") from their alleged continuing trespass at appellee Textile Rubber and Chemical Company, Inc.'s ("TRCC") plant and warehouse located in Greenville, South Carolina ("the Premises"). The injunction required Appellants to remove certain equipment and inventory that they had been maintaining at TRCC's Premises. On appeal, Appellants claim error on the grounds that (1) the trial court lacked subject matter jurisdiction to enjoin a continuing trespass on the Premises located in South Carolina; (2) Mickle was improperly included in the scope of the injunction

when there is no evidence that he had any title or interest in the equipment at the Premises; and (3) Appellants were erroneously required to remove Acrylonitrile, a highly toxic and heavily regulated substance, from the Premises when there was no evidence that the substance was owned by Appellants rather than TRCC. Because we agree that the trial court lacked subject matter jurisdiction to enter the injunction, we reverse the trial court's order.

The undisputed evidence of record reflects that TRCC, a Georgia corporation, and MSM Poly, a Delaware limited liability company, entered a Toll Manufacturing Agreement ("the Agreement") pursuant to which TRCC agreed to manufacture and sell to MSM Poly acrylonitrile methyl acrylate copolymer in filtered, wet form ("Acrylonitrile" or "the Product"). Mickle was the managing member of MSM Poly and signed an "Application for Credit," which included a personal guarantee in which he agreed to pay all debts incurred within the terms of sale under the Agreement. To further facilitate the terms of the Agreement, TRCC allowed MSM Poly to maintain certain equipment and inventory at TRCC's Premises.

Appellants allegedly defaulted on the Agreement and guarantee by failing to pay the outstanding invoices that TRCC had submitted. After the alleged default, TRCC demanded that Appellants remove the equipment that was being maintained

2

at the Premises. Notwithstanding TRCC's demands, Appellants failed to remove the equipment.

TRCC filed a verified complaint in the trial court, asserting causes of action for suit on account, breach of the Agreement, breach of the personal guarantee, trespass, injunctive relief, punitive damages, and attorney fees. Appellants filed verified answers, admitting that MSM Poly's equipment was being maintained at the Premises, but claiming that the equipment had not been removed because TRCC had not allowed access to the Premises.

During the proceedings, TRCC filed a motion for a temporary restraining order ("TRO") and injunctive relief to compel Appellants' removal of the equipment and inventory from the Premises. The trial court conducted a hearing, at which both counsel for both parties appeared, to address the merits of the motion.[1] Following the hearing, the trial court entered an order granting TRCC's request for injunctive relief. Appellants then filed the instant appeal to challenge the order of injunction.

1. First, "[i]t is incumbent upon this Court to inquire into its own jurisdiction." (Citation and punctuation omitted.) *Ledford v. Mobley*, 321 Ga. App. 761, 761 (743

---

[1] According to TRCC, the hearing was not transcribed. A transcript has not been included in the record for this appeal.

SE2d 461) (2013). The trial court's order was denominated as a "Temporary Restraining Order." Unlike injunctions, TROs are not directly appealable. Compare OCGA § 5-6-34 (a) (4) (providing for direct appeals for orders granting or refusing interlocutory or final injunctions), with OCGA § 5-6-35 (a) (9) (requiring an application for discretionary appeal to challenge "orders granting or denying temporary restraining orders"). Appellants initially filed a discretionary application under Case No. A19D0368 to pursue this appeal. But Appellants withdrew their discretionary application and filed the instant direct appeal instead.

> Although the injunction in this case is denominated as a TRO, there is no magic in nomenclature. A document is to be construed by its substance or function, rather than by its name. Thus, where a TRO is entered after a lengthy adversary hearing and effectively grants the plaintiff all of the relief [it] sought, it is directly appealable.

(Citations and punctuation omitted.) *Dolinger v. Driver*, 269 Ga. 141, 142 (1) (498 SE2d 252) (1998). Here, the trial court's order was entered after an evidentiary hearing at which both sides were present. The order did not merely preserve the status quo pending further proceedings; rather, the order directed action which effectively gave TRCC all of the injunctive relief that it sought by requiring Appellants to remove the equipment and inventory from the Premises indefinitely. It thus follows

4

that the nature of the trial court's order granted an injunction, which was directly appealable. See id. We therefore are vested with jurisdiction to review Appellants' claims in this appeal.

TRCC nevertheless contends that this appeal became moot when MSM Poly subsequently assigned its rights and title to the equipment and inventory to a third party.[2] The purported assignment from MSM Poly to an entity identified as MSM (ABC), LLC was made on March 7, 2019, after the injunction was entered. Pretermitting whether the assignment divested MSM Poly of its ownership interest,[3]

---

[2] The purported assignment was attached as an exhibit to TRCC's response to the discretionary application. Although the exhibit was not included in this record on appeal, we can take judicial notice of the record in the discretionary application previously filed in our Court. See *Hunter v. Roberts*, 199 Ga. App. 318, 318 (1) (404 SE2d 645) (1991). The referenced exhibit consists of a verified petition and an attached General Assignment for the Benefit of Creditors filed on March 18, 2019 in MSM Poly's bankruptcy case that was pending before the Court of Chancery of the State of Delaware. Our record fails to indicate whether the assignment was adjudicated to be valid and enforceable in that proceeding.

[3] See *Georgia Power Co. v. Hunt*, 266 Ga. 331, 332-333(2) (466 SE2d 846) (1996) (dismissing appeal as moot since the defendant had transferred his interest in the subject property; a mandatory injunction requiring a defendant to do an affirmative act with regard to property in which he no longer holds an interest can not be enforced, absent substitution of parties as provided in OCGA § 9-11-25 (c)). The rules of this Court provide a procedure for substituting a party in a pending appeal. See Court of Appeals Rule 43 (d) ("When a party substitution is sought in a case, the party shall file a motion in this Court and serve opposing counsel."). Neither party has filed a motion to substitute MSM Poly as a party in this case.

the assignment does not purport to assign any ownership interest that Mickle may have had in the equipment and inventory.[4] To the extent that the injunction also applied to Mickle, the claims of this appeal are not moot.

2. Appellants contend that the trial court lacked subject matter jurisdiction to enjoin a trespass occurring at the Premises located outside of this state. We agree and must reverse the order of injunction on this ground.

Here, the trial court's order of injunction required Appellants to remove equipment and inventory from the Premises located in Greenville, South Carolina. The Georgia Supreme Court has long held that a court of equity in this state lacks subject matter jurisdiction to enjoin a continuing trespass where the land in question

---

[4] We note that Mickle denied having any title or interest in the equipment and inventory at issue. Nevertheless, the trial court's order reflects that the injunction against both Appellants was entered after consideration of evidence that the parties presented at the hearing. The facts and circumstances of this case were presented to the trial court, but not recorded for review. We do not know what evidence was presented. In the absence of a transcript of the hearing, we must presume that the trial court's determination of Mickle's interest in the equipment and inventory was correct. See, e.g., *Turner v. Flournoy*, 277 Ga. 683, 684 (1) (594 SE2d 359) (2004) ("The burden is upon the party asserting error to show error by the record. And where, as here, the alleged error concerns the propriety of injunctive relief, the party asserting error must include transcripts of the evidence and proceedings. In the absence of such transcripts, we presume that the evidence supports the [trial court's determination].").

is located in another state or country. See *Laslie v. Gragg Lumber Co.*, 184 Ga. 794, 798-799 (1) (193 SE 763) (1937). Because it is undisputed that the property at issue is located outside of this state, the trial court lacked subject matter jurisdiction to issue the injunction. Id.

TRCC nevertheless asserts that the trial court was vested with jurisdiction pursuant to a forum selection clause in the parties' Agreement whereby MSM Poly consented to the exclusive jurisdiction of the trial court. The forum selection clause, entitled "Governing Law; Venue," states as follows:

> Each of the parties consents to the exclusive jurisdiction of the Superior Court of Whitfield County, Georgia for any legal action, suit, or proceeding arising out of or in connection with this Agreement, and agree that any such action, suit, or proceeding may be brought only in such court. Each of the parties further waives any personal jurisdiction defense regarding the laying of venue for any such suit, action, or proceeding in such court.

To the extent that the forum selection clause purports to confer subject matter jurisdiction to the trial court, it is invalid. Forum selection clauses do not address subject matter jurisdiction, but rather personal jurisdiction. *Euler-Siac S.P.A. (Creamar Spa) v. Drama Marble Co.*, 274 Ga. App. 252, 253-254 (1) (617 SE2d 203) (2005). "Subject matter jurisdiction is conferred to a court by state law, and cannot

be extended or divested by waiver or agreement of the parties. See OCGA § 15-1-2."

(Citations omitted.) Id. at 254, n.2 (1). See also *Bradley v. British Fitting Grp.,* 221

Ga. App. 621, 622 (1) (472 SE2d 146) (1996) ("[P]arties cannot determine a court's

subject[ ]matter jurisdiction by contract.") (citation and punctuation omitted); *Apparel*

*Resources Intl. v. Amersig Southeast*, 215 Ga. App. 483, 484 (1) (451 SE2d 113)

(1994) ("[A]n inability to confer jurisdiction over subject[ ]matter upon a court, by

consent or waiver, has been generally recognized and applied.") (citation, punctuation

and emphasis omitted). The trial court lacked subject matter jurisdiction to enjoin the

alleged continuing trespass on the Premises located in South Carolina, and therefore

the order of injunction must be reversed.[5] See *Laslie*, 184 Ga. at 798-799 (1);

*Champion v. Rakes*, 155 Ga. App. 134, 135 (270 SE2d 272) (1980) ("[A] judgment

on a matter not within the [subject matter] jurisdiction of the court is void[.]")

(citation and punctuation omitted).

3. In light of our decision vacating the order of injunction, as explained in

Division 2 above, we need not reach Appellants' remaining claims of error.

*Judgment reversed. McFadden, C. J., and McMillian, P. J., concur.*

---

[5] Our review and decision are limited to the injunctive relief entered in this matter. We express no opinion as to the trial court's jurisdiction over the remaining legal claims of this suit, which have not been challenged in this appeal.