39068. BURKE COUNTY BOARD OF EDUCATION v. RALEY, by Next Friend.

DECIDED OCTOBER 11, 1961—REHEARING DENIED OCTOBER 31, 1961.

*Lewis & Lewis, R. E. Lewis, Fulcher, Fulcher, Hagler & Harper, E. D. Fulcher,* for plaintiff in error.

*George W. Fryhofer,* contra.

CARLISLE, Presiding Judge. James T. Raley, by and through his next friend, J. C. Raley, brought suit against the Burke County Board of Education for damages on account of the loss of his right eye sustained under the following alleged circumstances: Plaintiff, at the time of the occurrence in question, was a 13-year old resident of Vidette, Georgia, and attended the Vidette School. On the occasion on which the injury was sustained, he boarded a bus owned by the Burke County Board of Education and driven by one Roland Dunn for the purpose of riding the bus to Gough and thence to St. Clair. In company with another student, he took his seat on the rear-most seat of the bus. During the course of the trip, Roland Dunn was operating the bus at approximately 40 miles an hour while approaching the Buckhead Creek bridge, whereon was located a hole approximately three feet wide, six inches across and several inches deep near the center of the roadway. As he approached the bridge, Dunn swerved the bus without slackening the speed in order to avoid striking the hole, and the plaintiff was thrown, or caused to fall, against the corner of the seat in front of him, striking the seat with his right eye. As the result of that injury, plaintiff sustained the loss of the eye. The injury was alleged to have been the result of the following acts of negligence of Roland Dunn: (a) In operating the bus at an excessive speed under the facts and circumstances; (b) in failing to keep the bus under proper control; (c) in

operating it at a greater rate of speed than was necessary under the circumstances; (d) in not keeping a proper lookout ahead; (e) in swerving the bus sharply to avoid the hole; (f) in failing to slacken the speed of the bus.

On the trial of the case, it developed from the evidence that Roland Dunn was not the regular driver of the bus, but that the regular driver of the bus, Warren Wood, had procured Dunn to drive for him on the particular day in question because he (Wood) was "on the jury." Roland Dunn was not the regularly approved substitute driver of the bus either and had no prior approval by the Burke County Board of Education or the Superintendent of Education as a substitute school bus driver. It further appeared that the plaintiff did not regularly ride the particular bus or route which he was riding on the day in question, but regularly rode another bus and route; that the bus driven by Dunn did not go by the plaintiff's house, but it was the plaintiff's purpose to ride the bus to Gough and thence to St. Clair, where he and his companion were to get in the private automobile of Dunn and be driven by him back to Vidette; and that the sole purpose of the trip was for the pleasure and amusement of the plaintiff and his companion.

The jury returned a verdict for the plaintiff in the amount of $8,000. The defendant made a motion for a new trial and a motion for judgment notwithstanding the verdict, and thereafter amended the motion for a new trial by the addition of five special grounds. These motions were overruled and the exception here is to those judgments. The issues presented by the motion for a judgment n.o.v. and by the amended motion for a new trial, and as argued in the briefs of counsel before this court may be summarized as follows: 1. Was Roland Dunn, under the circumstances outlined above, in driving the bus of the defendant school board, acting as agent of the school board so as to bind that body for his acts and charge it with his negligence? 2. Was the status of the plaintiff that of a passenger on a public carrier entitling him to the protection afforded by the duty of a public carrier to exercise extraordinary care for the protection and safety of its passengers, or was he a mere intruder to whom the defendant owed no duty

other than not to wantonly or wilfully injure him after his presence was discovered? 3. Was Roland Dunn guilty of any actionable negligence in operating the school bus at the time and place in question?

. ■ Whether or not the evidence may be said to support a finding that Warren Wood was impliedly authorized by the Burke County Board of Education to employ Roland Dunn to drive the bus for him on the occasion in question, it is clear that after the Superintendent of Education had learned of the occurrence in question, that is, after he knew that Roland Dunn drove the bus on the occasion and that the plaintiff had been injured as the result of the claimed negligence of Dunn, the board and the superintendent ratified the act of Wood in employing Dunn and the performance of the job by Dunn on the occasion. The plaintiff alleged that the school bus was being operated by the defendant for the transportation of school children. The defendant admitted this allegation. A. H. Gnann, Superintendent of Education (County School Superintendent), testified that he made no objection to the fact that Roland Dunn drove the bus; that he never instructed Warren Wood not to let Dunn drive the bus again, and, further, that Warren Wood was paid in full for the month of January, 1960, no sums being deducted from his salary on account of the day, or days, he did not operate the bus. "The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf." *Code* § 4-101. "The principal shall be bound by all the acts of his agent within the scope of his authority; if the agent shall exceed his authority, the principal may not ratify in part and repudiate in part; he shall adopt either the whole or none." *Code* § 4-302. "A ratification by the principal shall relate back to the act ratified, and shall take effect as if originally authorized. A ratification may be express, or implied from the acts or silence of the principal. A ratification once made may not be revoked." *Code* § 4-303. Where one is employed by a master to drive a motor vehicle, the master is not liable for the negligence of another procured by the employee without authority as a substitute driver unless the

master subsequently to the act ratifies the employment of the substitute. *Cooper v. Lowery*, 4 Ga. App. 120 (60 SE 1015); *Carter v. Bishop*, 209 Ga. 919 (2) (76 SE2d 784). " 'To bind the principal, there is no necessity for a positive or direct confirmation on his part, of the act of the agent, but it may arise by implication, from the acts or proceedings of the principal in pais. 3 Chitty on Com. and Manuf. 197, 198; 1 Livermore on Agency, 45; Story on Agency, § 253. And for this purpose the acts and conduct of the principal are construed liberally in favor of the agent. Slight circumstances and small matters will sometimes suffice to raise the presumption of ratification.' *Byrne v. Doughty*, 13 Ga. 46 (3, 4), 52; *Strong v. West*, 110 Ga. 382, 387 (35 SE 693)." *Napier v. Pool*, 39 Ga. App. 187, 196 (146 SE 783). Whether or not the facts and circumstances of the particular case show a ratification of the acts of one alleged to have been acting for the defendant principal, is ordinarily a question for the jury. *Thompson v. Neely & Wilcox*, 32 Ga. App. 131, 133 (123 SE 171). The facts and circumstances in the instant case as outlined above were clearly sufficient to authorize the jury to find that the board of education, acting through the county school superintendent, had ratified the act of Roland Dunn in driving the school bus on the occasion in question. The benefits which accrued to the board, that is, the act of having the school children transported on the occasion in question were not of such a nature that once they had accrued they could be returned or restored, and, therefore, the evidence of ratification was not negatived or overcome by the mere failure of the board to restore those benefits. 2 C. J. S. 1100, Agency, § 49.

■ By Sections 2 and 3 of the act approved March 28, 1947, (Ga. L. 1947, pp. 1461, 1462; *Code Ann.* §§ 32-426 and 32-427), the legislature empowered county boards of education to purchase motor vehicles and other equipment and to employ drivers and provide for the operation and maintenance of such equipment for the purpose of transporting pupils and school employees "to and from the public schools" or, in the alternative, to contract with individuals and/or corporations for "the transportation of pupils and school employees to and from school."

While the authority of the school board to transport children "to and from school" granted by this act ought not to be extended by judicial interpretation, neither should such authority be unduly restricted by judicial interpretation by the insertion therein of qualifications clearly not contained in the act. No provision of the act or of any other law called to the court's attention requires that such transportation be restricted to merely transporting children to school *from their homes* and from school *to their homes*. In *Eason v. Crews*, 88 Ga. App. 602 (77 SE2d 245), it was held that the operator of a school bus engaged in transporting children to and from school is a common carrier. However much this statement may be doubted (see *Fish v. Chapman*, 2 Ga. 349 (2); *Central of Ga. Ry. Co. v. Lippman*, 110 Ga. 665, 673, 36 SE 202, 50 LRA 673), it is clear that as to school children attending the particular school served by the bus and in absence of any valid regulation of the school board to the contrary, the operators of such school buses are public carriers bound to transport all persons who are students or school employees and who desire to be transported to or from the school, as the case may be. *McVeigh v. Harrison*, 68 Ga. App. 316, 318 (22 SE2d 752). As such, it is likewise clear that the defendant and its employees operating the buses are bound to exercise as to school children and school employees being transported on the buses extraordinary diligence and will be liable for injuries resulting from slight negligence on their part. *Eason v. Crews*, 88 Ga. App. 602, supra. Under such circumstances, the contention of the defendant that the plaintiff was a mere intruder or trespasser on the bus and entitled to no more than to be free from wilful injury after his presence became known to the defendant, is without merit.

■ Roland Dunn testified that he was operating the school bus along the road at the time and place in question at about 35 to 40 miles an hour; that he knew of the hole in the bridge but had momentarily forgotten about it until just before he got to it, when he either saw it or remembered it, and swerved the bus to the left so as to cause the wheels of the bus to straddle the hole. The plaintiff testified that the swerving of the bus caused him to strike his eye on the seat and it seems to have been

conceded that this blow to his eye was the cause of the loss of the eye. Under the circumstances of the case, it was a question for the jury to decide whether the defendant's driver was guilty of actionable negligence, and there being some evidence to support the finding in favor of the plaintiff, this court cannot say that such verdict was not authorized. The trial court did not err in overruling the motion for a new trial on each ground thereof and in overruling the motion for a judgment notwithstanding the verdict.

*Judgment affirmed. Nichols and Eberhardt, JJ., concur.*