## 55416. CLINE v. KEHS.

BIRDSONG, Judge.

Plaintiff brought this suit to recover damages for personal injuries sustained in an automobile collision. Shortly after the trial commenced, the trial judge on his own motion decided to bifurcate the issues of liability and damage, and to submit the case to the jury on written interrogatories. At the close of the trial on liability, the jury returned answers of "yes" to the three questions submitted by the court: Was the defendant negligent; was the plaintiff negligent; was any negligence of the plaintiff equal to or greater than the negligence of the defendant. Based on these answers, the trial court entered a judgment for the defendant, and plaintiff appeals. *Held:*

1. Plaintiff contends that the manner in which the trial judge bifurcated this case violated fundamental principles of due process and deprived plaintiff of his constitutional right to a fair trial. The court had the authority, pursuant to CPA § 42 (b) (Code Ann. § 81A-142 (b)), to order a separate trial on the issues of liability and damages. The court properly used its broad discretionary power not to encumber the trial with issues that could be separated, and being a discretionary matter there will be no reversal unless there has been a manifest abuse of discretion. *Sollek v. Laseter,* 124 Ga. App. 131 (183 SE2d 86). None has been shown.

2. As the trial court bifurcated the issues of liability and damage, no error was committed in excluding certain

evidence concerning the permanent nature of plaintiff's injuries, or in excluding certain medical bills and records. The evidence excluded was not relevant to the issue of liability.

3. Plaintiff contends that the trial court erred in submitting written interrogatories to the jury which called for conclusions of law rather than findings of fact. As noted above, CPA § 42 (b) authorized a separate trial on the issue of liability. In furtherance of this statutory authority, a trial court may, under CPA § 49 (a) (Code Ann. § 81A-149 (a)), require a jury to return a special verdict "in the form of a special written finding upon each issue of fact." These interrogatories amounted to special verdicts. While the plaintiff did make a general objection to separating the issue of liability from the question of damages when originally informed by the court of its intention, the plaintiff did not raise any objection to the interrogatories as specifically submitted to the jury on the ground that the questions called for conclusions of law rather than findings of fact. In the absence of a specific and timely objection during the trial, the plaintiff waived any error and will not now be heard to complain that the interrogatories were erroneous. *Folds v. Reese,* 140 Ga. App. 291 (231 SE2d 808); 9 Wright & Miller, Federal Practice and Procedure: Civil § 2508.

4. While the trial court did not require the jury to return a general verdict for "plaintiff" or for "defendant," any error was waived as there was no request nor objection made to the form or content of the verdicts. *Folds v. Reese,* supra.

5. The trial court failed to give certain charges requested by plaintiff. No error was committed because:

(a) The requested charges concerning the measure of damages were not required because the court properly bifurcated the issues of liability and damages;

(b) Other requested charges concerned the negligence of the defendant. As the jury found the defendant to be negligent, plaintiff could not have been prejudiced by the failure to give the charges which bear on that issue. *Mundy v. Cincinnati Ins. Co.,* 141 Ga. App. 106 (232 SE2d 621).

(c) Finally, plaintiff contends that the trial court

failed to charge on comparative negligence as requested. However, the judge did explain the principle of comparative negligence in his final charge and asked the jury to return a special verdict to show whose negligence was greater. The failure to give a requested charge is not harmful if the general charge substantially covers the principles raised. *Kamor v. Fireman's Fund Ins. Co.,* 133 Ga. App. 234 (211 SE2d 179).

6. The trial court did not charge on the issue of proximate cause. Even though the statute, Code Ann. § 81A-149 (a), states that matters not requested to be charged when special verdicts are submitted to the jury are waived, this rule obviously does not extend to an element so *essential* as proximate cause in negligence actions. It is basic in our law that no liability attaches unless the negligence alleged is the proximate cause of the injury sustained. No jury can impose liability without first having determined that the plaintiff's injury proximately resulted from the defendant's negligence. Thus, in every jury determination involving damages which result from negligence both in regular jury verdicts and in special verdicts, it is essential that the trial judge instruct the jury as to the legal meaning of proximate cause and its application to the facts. Thus, in charging the doctrine of comparative negligence, the trial court must instruct the jury that the negligence of the plaintiff, in order to bar his recovery, must have proximately contributed as a cause of the injury received by the plaintiff. *Jackson v. Matlock,* 87 Ga. App. 593, 595 (4) (74 SE2d 667); *Harmon v. Southwell,* 98 Ga. App. 261 (105 SE2d 596); *Western & A. R. v. Dalton,* 101 Ga. App. 468 (114 SE2d 293). The failure by the trial court to charge on proximate cause requires a reversal.

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

ARGUED FEBRUARY 27, 1978 — DECIDED APRIL 25, 1978 — REHEARING DENIED JUNE 22, 1978.

*Simmons, Warren & Szczecko, Joseph Szczecko,* for appellant.

*Savell, Williams, Cox & Angel, Edward L. Savell, Andrew Robert Greene,* for appellee.