A90A1169. MOORE v. SINCLAIR et al.
(396 SE2d 557)

BIRDSONG, Judge.

This appeal follows a defendants' verdict in a lawsuit arising from a car/tractor-trailer collision. Appellant Moore, the car's driver, sued Sinclair, the truck's driver, the trucking company that employed him, and the trucking company's insurer, for damages resulting from her car being struck from the rear by Sinclair's tractor-trailer. Addi-

tionally, Moore sought damages from the trucking company for hiring and retaining a person with Sinclair's driving record.

The appellees admitted that Sinclair was responsible for the collision, and that the trucking company was responsible for his actions under respondeat superior, but denied liability because they contended that Moore's physical condition was not caused by the collision. Instead, they asserted that her disability was caused by pre-existing medical conditions (spina bifida, scoliosis, and a tethered spinal cord).

To prevent evidence of Sinclair's driving record — relevant to Moore's claim against the trucking company for employing Sinclair — from prejudicing the defense of the other claims against Sinclair and his employer, the trial court bifurcated the trial. Shortly before the scheduled start of the trial, however, the trial court allowed the appellees' counsel to withdraw from the case and then granted appellees a continuance. To prevent appellees from gaining an advantage from the delay, however, the trial court directed that only evidence reflected in the pretrial order and information provided previously regarding expert witnesses could be used at the trial. Ultimately, a defendants' verdict on liability was returned and there was no second proceeding.

Moore filed a motion for a new trial, but did not support her motion with a complete transcript of the trial. At the appellees' request, however, the trial court ordered Moore to obtain, with minor exceptions, a full transcript of the trial. Although Moore agreed to comply with the court's order, she did not, and the trial court ultimately granted the appellees' motion to dismiss her motion for new trial. Within 30 days of that decision, Moore filed a notice of appeal. Appellees moved to dismiss the appeal in the trial court because they maintained that the appeal was untimely since the motion for new trial was not properly supported by the transcript, and thus the motion was not sufficient to entitle Moore to the usual extension of time in which to file a notice of appeal. That motion was denied, but appellees have renewed their motion in this court.

Moore contends that the trial court erred by preventing her from cross-examining Sinclair about lies he allegedly told in his deposition, erred by admitting in evidence the diagnosis of a non-testifying doctor, erred by permitting two experts to give testimony which exceeded the trial court's limitations, erred by allowing Moore to be cross-examined about her marital status when her child was born, and erred by incorrectly charging the jury on the burden of proof. *Held*:

1. The appellees' motion to dismiss the appeal is denied. A movant for a new trial is not required to file the trial transcript in support of the motion. *Galletta v. Hillcrest Abbey West*, 185 Ga. App. 20, 23 (363 SE2d 265). Our law requires only that appellants file the

transcript within 30 days after the notice of appeal is filed. *Whitton v. State*, 174 Ga. App. 634, 635 (331 SE2d 10). Although OCGA § 5-5-40 (c) gives trial courts discretion to delay consideration of such motions when the transcript is necessary to decide the motion, the trial court can decide the motion without a transcript. Therefore, we do not find that Moore's motion for new trial was inherently insufficient to secure the extension of time in which to file her notice of appeal. OCGA § 5-6-38 (a). Accordingly, this case does not meet the criteria for dismissal of an appeal. See OCGA § 5-6-48 (b).

Nevertheless, the trial court did not exceed its authority by dismissing the motion for new trial. A trial court has discretion to set the time for filing of the transcript of the evidence (*Diamond v. Liberty Nat. Bank*, 228 Ga. 533, 535 (186 SE2d 741)), and dismissal of a motion for new trial is appropriate when the transcript is necessary to consideration of the motion, and the movant has made no reasonable effort to secure it. *Miller v. Parks*, 124 Ga. App. 4, 5 (183 SE2d 88). Further, after the trial court ordered the full transcript to be prepared, Moore acquiesced in that ruling and yet failed to comply with the trial court's discretion.

2. Moore contends that the trial court erred by limiting her impeachment of Sinclair. Moore alleges that Sinclair was asked "you didn't tell the truth in your deposition either, about your [traffic] citations, did you," that Sinclair objected because the court had bifurcated the trial for the sole reason of keeping Sinclair's driving record from prejudicing the jury's determination of negligence, and that the trial court sustained that objection. This allegation misstates the question asked, the objection, and the trial court's ruling.

The transcript shows that the questions actually posed were: "Right? How many traffic citations that you had there, and how many traffic citations that you had for Mr. Kallman [sic]? And you didn't tell the truth in your deposition, either, about your citations, did you?" The actual objection was: "Your Honor, I will object to that. That's highly improper. That's not proper. If he's attempting to impeach him, he's trying to do something by the back door that he cannot do directly." The actual ruling was: "He's already answered the question, saying that — I'm going to sustain that objection." Then, after clarifying that "[t]he objection was that [he] shouldn't proceed along that line," Moore's attorney stated: "All right, I'll do it . . . the hard way." Because Sinclair really was asked four questions, and the two questions about the number of traffic citations sought information not then admissible, the trial court did not err by sustaining the objection. See OCGA § 24-2-2. Moreover, even if the rulings were erroneous, Moore cannot complain because she waived the error by acquiescing in the ruling. See *Ewing v. Johnston*, 175 Ga. App. 760 (334 SE2d 703).

Further, the transcript shows that after Moore asked other questions about Sinclair's driving record — not whether Sinclair had lied at his deposition — and Sinclair objected, the trial court ruled: "I don't think the driving record is admissible at this time. I'm going to sustain the objection." Thereafter, the trial court directed that Moore make a proffer of the evidence he sought to introduce: "Ask him — ask him the questions that you intend to ask before the jury." After Moore did so, the trial court, in effect, denied Sinclair's objection, and ruled that he would allow the questions that Moore had asked in her proffer. The transcript shows, however, that despite the error asserted here, no objections were sustained to questions about Sinclair lying in his deposition. Since this issue was not raised in the trial court, Moore cannot now complain that Sinclair was not allowed to answer questions he was not asked. *Ocilla Truck &c. Co. v. Nolan*, 124 Ga. App. 417 (184 SE2d 48).

Moreover, although Moore argues that the trial court erred by bifurcating the proceedings, this matter was not enumerated as error and is not included within any error enumerated. Since a party may not urge an error not enumerated through shifting or mending her hold, we cannot consider this argument. *City of College Park v. Georgia Power Co.*, 188 Ga. App. 223-224 (372 SE2d 493); *Roberts v. Cotton States Mut. Ins. Co.*, 186 Ga. App. 371, 373 (367 SE2d 272).

3. Moore also contends that the trial court erred by admitting in evidence the diagnosis of a physician who did not testify. The transcript shows that during the testimony of another physician, Sinclair asked him to read from Moore's medical records the diagnosis of the emergency room physician who treated Moore after the collision, and that after Moore's objection was overruled, the physician read that Moore had suffered a "back strain." Assuming this to be error, in the context of this case, we find any error harmless. There was no issue about whether Moore, in fact, sustained a back strain, and this single statement in the course of the entire medical testimony in this case could not have materially affected the verdict. OCGA § 9-11-61; *Department of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541, 546 (309 SE2d 816).

4. Moore asserts that the trial court erred by allowing two experts to testify about matters which were not set forth in the information regarding experts, and thus the testimony violated the trial court's order that the appellees were "prohibited from using at trial any expert witness or expert opinion not specifically set out in their provision of information regarding experts." As appellees used no expert witnesses not so identified, the question here is whether any testimony of the two experts constituted expert opinions not set out in the information regarding the experts or the pretrial order.

The information regarding experts provided in broad terms the

expected testimony of the experts. In general, Moore was informed that the two experts would testify that her condition was the result of her pre-existing medical conditions and was not the result of any injury sustained in the collision. Naturally, the information did not contain each statement the experts would make in their testimony, and did not state every opinion the expert did not hold, or the reasons why the experts did not hold certain opinions. Generally, the testimony Moore complains of was statements by the experts explaining or defending their opinions, and not new opinions. Therefore, we are satisfied that the testimony of the experts did not unfairly exceed the limitations of the trial court, and we need not address whether the trial court committed harmful error by admitting evidence in violation of the limitations. These enumerations are without support in the record, and therefore enumerations of error 3 and 4 are without merit.

5. Moore also contends the trial court erred by allowing her to be cross-examined about her marital status at the birth of her second child. This allegation is also without factual support. After Moore testified on direct examination about "good" things that had happened to her recently, including the birth of a child and her marriage, one of the defendants asked her about the date of her marriage. She was not asked whether she was married when her child was born. Moore injected the topic of her marriage in the trial, and we find no error in allowing an appellee to ask when that was. If Moore's marriage was relevant, the date of the wedding was equally relevant. OCGA § 24-2-1; *Weathers v. Cowan*, 176 Ga. App. 19, 20 (333 SE2d 921). Moreover, we find it a far reach to suggest that this question and response caused the jury to reach the conclusion that Moore's child was born before her marriage, or if it did that the jury would have reached the verdict in this case because of it. OCGA § 9-11-61; *Department of Transp. v. 2.734 Acres of Land*, supra. Therefore, we find this enumeration of error also to be without merit.

6. Moore's final enumeration is that the trial court erred by charging the jury that "[a] possible cause cannot be accepted by the jury as a proximate cause, unless the evidence excludes all other causes or shows direct connection with the occurrence." We cannot consider this enumeration of error because the transcript shows that no objection was made to the charge given. OCGA § 5-5-24 (a); *Morris v. DeLong*, 183 Ga. App. 124 (358 SE2d 285). Moreover, we have considered whether we should consider the alleged error under OCGA § 5-5-24 (c) as a substantial error which was harmful as a matter of law (see *Foskey v. Foskey*, 257 Ga. 736-737 (363 SE2d 547)), and conclude that we should not.

The proposed charge was read during the charging conference in which Moore's counsel was an active participant, and, of course,

Moore's counsel was present when the charge was given to the jury. There was no objection to this charge on any occasion. Under these circumstances, we find that any error was induced by Moore, and that this coupled with her failure to object to the charge given precludes her from maintaining the issue on appeal. *Dodd v. Dodd*, 224 Ga. 746, 747 (164 SE2d 726); *Locke v. Vonalt*, 189 Ga. App. 783, 787 (377 SE2d 696); *Nelson v. Miller*, 169 Ga. App. 403, 405 (312 SE2d 867).

Further, we are mindful that OCGA § 5-5-24 (c) must be strictly construed to prevent emasculation of subsection (a) (*Widener v. Mitchell*, 137 Ga. App. 730, 731-732 (224 SE2d 868); *Nathan v. Duncan*, 113 Ga. App. 630, 638 (149 SE2d 383)), and that the instances in which the subsection applies are rare. *Central of Ga. R. Co. v. Luther*, 128 Ga. App. 178, 180 (196 SE2d 149); *Seabolt v. Cheesborough*, 127 Ga. App. 254, 260 (193 SE2d 238).

In any event, this purported error was not harmful as a matter of law. "To constitute harmful error within the meaning of this subsection, an erroneous charge or failure to charge must result in a gross injustice, such as to raise a question as to whether the appellant has been deprived of a fair trial." *Hamrick v. Wood*, 175 Ga. App. 67, 68 (332 SE2d 367). See also *National Dairy &c. Corp. v. Durham*, 115 Ga. App. 420, 422-423 (154 SE2d 752). Considering the relative weakness of Moore's case in which even her own expert witness could not say with certainty that her physical condition was not the result of the expected progression of her pre-existing conditions, and the fact that the witnesses testifying for the appellees were her own treating physicians, we cannot conclude that the charge resulted in a gross miscarriage. Accordingly, this enumeration of error is also without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED JULY 13, 1990 —
REHEARING DENIED SEPTEMBER 4, 1990 — CERT. APPLIED FOR.

*Walter H. Beckham III*, for appellant.

*Lokey & Bowden, Samuel P. Pierce, Jr., Swift, Currie, McGhee & Hiers, James B. Hiers, Jr., Bentley, Karesh, Seacrest, Labovitz & Campbell, Gary L. Seacrest, Edwin A. Tate II*, for appellees.