A91A1130. ROBERTS v. STENNETT.
(410 SE2d 356)

McMURRAY, Presiding Judge.

Plaintiff Vincent I. Roberts instituted an action against defendant Dirk A. Stennett and alleged that he suffered damages after an automobile collision which occurred while he was a passenger in a vehicle negligently driven by defendant Stennett. Defendant admitted that plaintiff was a passenger in a vehicle he wrecked and that he was responsible for the collision. However, defendant alleged that he paid plaintiff for all damages stemming from the collision and that plaintiff's additional claims are excessive, i.e., not the proximate result of defendant's negligent act.

The case was tried before a jury and a verdict was returned in favor of defendant. This appeal followed the denial of plaintiff's motion for new trial. *Held*:

1. Plaintiff contends "[t]he jury verdict was contrary to the weight of the evidence."

"Where a determination of the merits of an enumeration of error requires a review of the entire transcript, and only a portion of the evidence at trial was forwarded on appeal, this court must affirm. See *Campbell v. Crumpton*, 173 Ga. App. 488 (2) (326 SE2d 845) (1985) and cases cited therein." *Prater v. Bertrand*, 197 Ga. App. 169, 170 (3) (397 SE2d 562). In the case sub judice, no full transcript of the trial proceedings has been filed in the trial court and none is included

in the record on appeal. (Only excerpts from the jury instructions appear in the appellate record.) Consequently, we must assume the jury's verdict was properly supported by evidence. *Prater v. Bertrand*, 197 Ga. App. 169, 170 (3), supra.

2. Error is further enumerated that the trial court "erred in giving charges to the jury concerning negligence when such was not an issue and was stipulated by both parties."

An inapplicable jury instruction "is not grounds for reversal where it does not appear that the inapplicable part was calculated to mislead the jury, erroneously affected the verdict or was prejudicial to the rights of the complaining party. *Southern R. Co. v. Heaton*, 61 Ga. App. 386, 387 (12) (6 SE2d 339) (1939); *Atlanta, Birmingham &c. R. Co. v. Patterson*, 75 Ga. App. 189, 195 (43 SE2d 177) (1947). See also *Perry v. State*, 1 Ga. App. 542 (1) (58 SE 60) (1907)." *Long v. Marion*, 182 Ga. App. 361, 364 (3) (355 SE2d 711). See *Davis v. Stewart*, 169 Ga. App. 733, 734 (2) (315 SE2d 6). In the case sub judice, there is not a full transcript of the trial proceedings. Only excerpts from the trial court's jury instructions appear in the appellate record. Consequently, we have no way of determining the full impact of the trial court's charge that plaintiff had the burden of proving defendant's negligence. This enumeration presents nothing for review.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 9, 1991.

*Stephen W. Nicholas*, for appellant.
*Decker & Briggs, Richard P. Decker, William W. Briggs*, for appellee.