A91A1857. BRANCH v. MAXWELL et al.
(417 SE2d 176)

Sognier, Chief Judge.

David J. Maxwell filed a complaint, as amended, against Ricky Wayne Branch and Bonnie Knorzer as administrator of the estate of Willie Faye Hendricksen to recover damages for injuries incurred when Branch's car, in which Maxwell was a passenger, collided with a car driven by Hendricksen, who was killed in the collision (and will be referred to as the "deceased"). The trial court granted a motion to intervene filed by Donna Faye Glenn as guardian of Ronald Frederick Hendricksen, the disabled adult son of the deceased, and aligned Glenn as a plaintiff asserting a claim against Branch. At the trial, which was bifurcated into liability and damages segments, the jury entered a verdict allocating responsibility for the collision at 72 percent for Branch and 28 percent for the deceased. After the jury assessed damages, the court entered judgment for Maxwell against both defendants and for Glenn against Branch. Branch appeals from the judgment entered against him as to Glenn.

Appellant was test-driving his high-performance automobile with Maxwell, a mechanic, on the afternoon of January 10, 1989. They travelled north on State Route 38, a five-lane road with two travel lanes in each direction, a center universal turn lane, and a posted speed limit of 55 mph. As they crested a hill before the intersection of the highway with a county road, they saw the deceased's car stopped across both northbound lanes approximately 1,600 feet ahead. Appellant began decelerating. When he realized the deceased was looking in the opposite direction and waiting for the southbound lanes to clear, he slammed on his brakes and moved into the left lane and toward the center turn lane. The deceased, however, began to move forward into the turn lane, apparently intending to turn left into the southbound lanes of the highway. Appellant hit the deceased's car broadside, propelling it 54 feet into a roadside ditch.

Appellant admitted he was driving his car at a high speed to check the operation of the passing gear. Both he and Maxwell testified that he was travelling at 85 mph as he approached the hill and that he accelerated as he ascended the hill. The state trooper who investigated the collision estimated that appellant had slowed to 70 or 75 mph at the time he applied his brakes, and testified further that the skid marks left by appellant's car showed that he began braking 145 feet before impact. An accident reconstruction expert calculated appellant's speed at 74 mph at the time he began braking, 49 mph at

impact, and as high as 135 mph at the crest of the hill. The expert also opined that had appellant begun braking lightly as soon as he saw the deceased, he could have stopped several hundred feet before he reached her car even if he had been travelling at his car's maximum speed. Appellant admitted he could have avoided the collision by slowing to a stop and that a decision either to swerve to the left or right or to continue travelling straight inevitably would have caused a wreck.

1. Appellant first enumerates as error the grant of appellee's motion to intervene. Appellant contends intervention was improper because appellee's claim had insufficient commonality with the main case; the presence of appellee prejudiced appellant's defense against Maxwell's claim; and the effect of the intervention was to mandate nonconsensual consolidation in violation of OCGA § 9-11-42 (a).

Appellee based her motion on OCGA § 9-11-24 (b) (2), which provides for permissive intervention upon timely application "[w]hen an applicant's claim or defense and the main action have a question of law or fact in common." When a trial court is exercising its discretion in determining whether to allow intervention, "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties," id. at (b), and other relevant circumstances such as the degree to which the intervenor would be affected by the outcome in the underlying case. *Allgood v. Ga. Marble Co.*, 239 Ga. 858, 859 (239 SE2d 31) (1977). We will not reverse a trial court's decision on a motion to intervene unless the court abused its discretion. Id.

We find no such abuse of discretion in this case. Contrary to appellant's contentions, the questions of fact and law raised by appellee were common to those of the deceased, as both sought to establish appellant's sole liability for the collision. See generally *Virginia Highland Assoc. v. Allen*, 174 Ga. App. 706, 708 (1) (330 SE2d 892) (1985). We find nothing in the record to support appellant's claim of undue prejudice. No additional evidence was adduced during the liability portion of the trial that would not have been introduced if only Maxwell's claim against appellant and the deceased had been tried (and appellant has neither appealed from nor provided this court with the transcript of the damages segment of the trial). Even without appellee's presence, the charge on last clear chance would have been appropriate had the deceased's administrator exercised her right to assert a cross-claim against appellant pursuant to OCGA § 9-11-13 (g). Moreover, we fail to see how the giving of this charge harmed appellant, as the jury assessed liability against both defendants.

Finally, we do not agree with appellant's characterization of OCGA § 9-11-42 (a) as a rule precluding consolidation of claims involving common questions of law or fact if the parties do not consent.

We find that OCGA § 9-11-42 (a) parallels rather than limits OCGA § 9-11-24 (b): Section 9-11-42 (a) applies to joinder of separate *actions*, and Section 9-11-42 (b) governs intervention by additional *claimants* in a single action.

2. We find no merit in appellant's enumeration on the general grounds. Our review of the transcript discloses substantial evidence to support the jury's conclusion that appellant's conduct was the primary cause of the collision. Appellant admitted driving greatly in excess of the speed limit and acknowledged that he could have stopped his car without colliding with the deceased. Contrary to the assertions in his brief, no witness — including appellant — gave any testimony at trial that could be construed to suggest either that the deceased pulled out into the highway from the intersecting county road *after* appellant crested the hill or that she failed to yield at the stop sign before proceeding into the intersection.

3. Appellant next contends that the trial court improperly refused to grant him permission to interview the opposing parties' expert witness. We do not agree. Appellant's characterization of the events is not supported by the record. Instead, the record reveals that appellant was afforded numerous opportunities to depose the witness but declined to do so. We cannot now say that the trial court's rulings were unreasonable because appellant waived all prior opportunities available to him. See *Ellis v. Cameron & Barkley Co.*, 171 Ga. App. 211, 212 (3) (319 SE2d 38) (1984). The cases appellant cited that involved surprise witnesses do not apply because this witness was disclosed well in advance of trial. Accordingly, this enumeration is without merit.

4. We have reviewed the transcript carefully and find no abuse of the trial court's discretion in prohibiting appellant from further questioning the investigating state trooper concerning the nature of the injuries suffered by Maxwell and appellant. See generally *Hendricks v. Southern Bell Tel. &c. Co.*, 193 Ga. App. 264, 266 (4) (387 SE2d 593) (1989).

5. Appellant's remaining enumerations present challenges to the court's charge to the jury.

(a) The trial court properly rejected appellant's requested charges on the duties of drivers to stop and yield at intersections as not adjusted to the evidence because, as discussed in Division 2, supra, no evidence was adduced to suggest that the deceased violated any such duty. See generally *Baxley Veneer &c. Co. v. Maddox*, 198 Ga. App. 235, 239 (6) (401 SE2d 282) (1990).

(b) Appellant's contention that the court failed to charge the jury on proximate cause is not supported by the record. Although the court did not expressly define proximate cause as part of the charge on negligence, the court previously had given an extensive charge on

proximate cause generally, and thus the charge as a whole adequately informed the jury of the applicable law. See *Clemons v. Atlanta Neurological Institute*, 192 Ga. App. 399, 401-402 (384 SE2d 881) (1989).

(c) The facts in this case were substantially similar to those in *Hurst v. J. P. Colley Contractors*, 167 Ga. App. 56-57 (1) (306 SE2d 54) (1983), in which we authorized a charge on last clear chance. Contrary to appellant's assertions, evidence was adduced to show that even though the deceased's actions may have placed her in a position of peril, appellant had the last opportunity to avoid the collision and was negligent in failing to do so. See *Harrison v. Feather*, 178 Ga. App. 35, 36 (342 SE2d 1) (1986). Accordingly, we find no error in the giving of this charge.

(d) A charge on assumption of risk is appropriate when the plaintiff voluntarily and unreasonably proceeds to encounter a known danger. *Newman v. Collins*, 186 Ga. App. 595, 596-597 (367 SE2d 866) (1988). The trial court did not err by denying appellant's request for such a charge because the evidence established that the deceased had already pulled into the northbound travel lanes before appellant's car became visible at the top of the hill. Additionally, since the deceased had a visibility of 1,600 feet in appellant's direction, we cannot say that she could be considered unreasonably to have encountered a known danger. Thus, in comparison to *Newman*, the court's charge on avoidable consequences was the proper charge.

(e) The court charged that "following too closely without . . . due regard for the speed of vehicles ahead and the traffic on and condition of the roadway is [unlawful]." This instruction was based on OCGA § 40-6-49 (a), which applies to any vehicle "which approach[es] from the rear any other vehicle or vehicles stopped or slowed to make a lawful turn." Id. at (d). Since there was some evidence from which the jury was authorized to infer that the deceased was stopped to make a lawful left turn into a southbound lane of the highway, see OCGA § 40-6-123 (a), and that appellant approached her car from behind, the court did not err by charging this Code section.

(f) Finally, we find no error in the court's explanation to the jury of the special verdict form which previously had been agreed to by all parties, including appellant. When a special verdict form is used, the trial court is required to "give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue." OCGA § 9-11-49 (a). Appellant's contention that the effect of the court's instructions was to direct a verdict for Maxwell is without merit. Pretermitting the question whether appellant may complain of the effect of the charge on Maxwell's case when he appealed only from the judgment in favor of appellee, we agree with the trial court that with regard to Maxwell's case the evidence required a finding of negligence on the

part of at least one defendant, as this was not an incident that could have occurred in the absence of negligence, and thus we find the court's explanation of the verdict form was correct.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MARCH 4, 1992 — RECONSIDERATIONS DENIED MARCH 20, 1992 AND MARCH 25, 1992 —

*Zorn & Caldwell, William A. Zorn,* for appellant.

*Lissner, Killian & Cunningham, Robert P. Killian, Whelchel, Brown, Readdick & Bumgartner, Roy J. Boyd, Jr., Wilkes, Johnson & Smith, Ken W. Smith,* for appellees.