### A93A1159. TAFT v. TAFT.
(433 SE2d 667)

BIRDSONG, Presiding Judge.
Appellant/defendant Wilburn Taft appeals the $130,000 judg-

ment awarded to his adult son, appellee/plaintiff Vance Taft. Appellee brought suit for injuries sustained when attacked by appellant's five- to nine-month-old, 600 pound bull when attempting to corral it for market. Appellee was a business invitee on his father's premises at the time, helping his father load the bull and hogs for market. *Held*:

1. Bulls generally are strong and some bulls are vicious notwithstanding their classification as domestic (farm) animals. Nevertheless, it cannot "be said as a matter of law, or that it is judicially known, that bulls, as a class, are dangerous." *Lander v. Shannon*, 268 P 145, 147 (SC Wash. 1928). In *Duren v. Kunkel*, 814 SW2d 935, 937-938 (1) (SC Mo., Banc 1991), citing Restatement (Second) of Torts, § 509, Comment e (1977), it was concluded: " 'Bulls are more dangerous than cows and steers; stallions are more dangerous than mares or geldings; rams are more dangerous than ewes and lambs. However, these animals have been kept for stud purposes from time immemorial so that the particular danger involved in their dangerous tendencies has become a normal incident of civilized life . . . (T)he virility which makes them dangerous is necessary for their usefulness in performing their function in the socially essential breeding of livestock, (and) justifies the risk involved in their keeping. Therefore the law has not regarded bulls, stallions and rams as being abnormally dangerous animals."

This pragmatic legal approach, acknowledging the facts of life of animal husbandry, has been recognized tacitly in construing OCGA § 51-2-7 (formerly Code Ann. § 105-110). In this state, "the owner of a vicious or dangerous animal, who allows the same to go at liberty, is liable to one who sustains injury as a result of the vicious or dangerous tendency of the animal only in the event the owner knows of its vicious or dangerous character. If he does not know this, he will not be liable for an injury which is not the usual and natural consequence to be anticipated from allowing an ordinary animal of that kind to go at large." (Citations, emphasis and punctuation omitted.) *Flowers v. Flowers*, 118 Ga. App. 85 (2) (162 SE2d 818).

Appellee testified he could have closed the gate in time to prevent the bull from running out if appellant had fastened it like it was fastened that morning. Generally, except in clear and palpable cases, questions of proximate cause, viciousness of the animal, assumption of risk, superior or equal knowledge, contributory negligence, and negligence of the plaintiff are questions for the jury. Compare *Sutton v. Sutton*, 145 Ga. App. 22 (243 SE2d 310) and *Van Harlengen v. Bearse*, 26 Ga. App. 473 (2) (106 SE 306) with *McNish v. Gilbert*, 184 Ga. App. 234 (361 SE2d 231).

2. Appellant asserts the trial court erred in failing to charge the jury on the definition and elements of proximate causation. Review of the record reveals that the trial court failed to define proximate cause

or to instruct adequately the jury as to the meaning of this concept. Even if negligence exists, liability does not attach unless such negligence "is the proximate cause of the injury sustained." *Cline v. Kehs*, 146 Ga. App. 350, 352 (6) (246 SE2d 329). Thus, in every jury determination involving damages which result from negligence (both in regular and special jury verdicts), it is essential that the trial judge instruct the jury "as to the legal meaning of proximate cause and its application to the facts." Id. As in *Cline*, supra, failure of the trial court to charge adequately on proximate cause requires a reversal, notwithstanding appellant's lack of a timely and proper request for a specific proximate cause charge.

3. Appellant raises an issue as to proof of lost earnings; however, cost of hiring farm help raises an issue of proof as to an award of damages for *necessary expenses* rather than a claim of damages based on lost earnings. OCGA § 51-12-7; compare *City of Atlanta v. State Farm Fire &c. Co.*, 160 Ga. App. 822, 823 (4) (287 SE2d 665); *Sam Finley, Inc. v. Barnes*, 156 Ga. App. 802, 803 (3), 804 (7) (275 SE2d 380); and *Lawrence v. Atlanta Gas-Light Co.*, 49 Ga. App. 444 (3) (176 SE 75).

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED JUNE 25, 1993 —
RECONSIDERATIONS DENIED JULY 14, 1993 — ▮▮▮▮▮▮

*Dillard, Bower & East, Terry A. Dillard, Bryant H. Bower, Jr., Joseph E. East*, for appellant.

*Evans & Brantley, William V. Evans, Johnny W. Brantley*, for appellee.