A93A1941. DELANEY v. LAKESIDE VILLA, LTD. et al.

BIRDSONG, Presiding Judge.

Donna Delaney appeals the judgment entered on the jury verdict for appellee/defendant.

Appellant/plaintiff Delaney brought suit against appellee Lakeside Villa, Ltd., for damages sustained when her apartment was burglarized. Appellant contended that appellee failed to safeguard the spare keys to apartments; and that, after keys had been taken approximately 14 months earlier during the course of an office break-in, appellee failed to give adequate warning to the tenants. *Held*:

1. Appellant's enumeration that the trial court erred by giving a so-called time-fuze charge has been abandoned. Court of Appeals Rule 15 (c) (2). Further, appellant took no timely exception or objection to this charge at trial. OCGA § 5-5-24 (a). Appellant also failed to establish that such charge resulted in prejudicial error. Compare *Williams v. State*, 205 Ga. App. 445, 446 (3) (422 SE2d 309).

2. Appellant waived the error asserted in enumeration 1 (a). Unless appellant makes a timely objection or exception on a specific ground to a charge, appellate consideration of that particular charging issue is waived on appeal. Compare *Brown v. Dept. of Transp.*, 194 Ga. App. 530 (2) (391 SE2d 32). Appellant neither excepted nor objected to the charge based on the specific ground asserted in enumeration 1 (a).

Even specific exceptions or objections to charges must be expressed with sufficient clarity to enable a trial court to ascertain promptly the precise nature of the asserted error, and thus be afforded a meaningful opportunity to take timely and effective corrective action if warranted. The trial court was not given such notice regarding enumeration 1 (a); for this additional reason, the charging error therein asserted has not been preserved on appeal. Moreover, a party cannot complain of error that her own legal strategy, trial procedure, or conduct aided in causing. *West v. Nodvin*, 196 Ga. App. 825, 829 (3e) (397 SE2d 567).

3. Appellant contends the trial court erred in its proximate cause charge to the jury as the instruction was confusing in that it indicated appellant must exclude every other potential proximate cause, except that of the alleged operative cause, in order to recover. Specifically, appellant claims that the language of the charge "implies" she must prove the failure of appellee to secure the keys of its tenants was the sole proximate cause of her damages, rather than the proximate cause thereof. The contested charge states, inter alia, that "a possible cause cannot be accepted by the jury as the operative cause unless the evidence excludes all others or shows something in the way of [a] direct connection with the occurrence." In *Stapleton v. Stapleton*, 87 Ga.

App. 417, 418-419 (74 SE2d 116), this court accepted the contested charging language as a correct abstract principle of law, but found it to be not applicable under the attendant circumstances of that case. We are not convinced that this legal principle was not applicable in the case at bar, where the alleged loss of keys occurred months before the break-in of appellant's apartment.

Pretermitting this issue, however, is whether the contested instruction did inform the jury that appellant must prove said failure of appellee to be the sole proximate cause of appellant's damages, rather than merely a proximate cause. Examining the charges in their totality (*Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177)), we find the jury was not misled as asserted by appellant, neither was the correct legal meaning of the charge obscured by its language. The jury did not receive a "sole proximate cause" charge.

Assuming some verbal inaccuracy had existed in the contested charge, a new trial is not required when the inaccuracies in a charge do not mislead or obscure meaning. *Strickland v. Dept. of Transp.*, 196 Ga. App. 322 (1) (396 SE2d 21).

Appellant's reliance on *Bender v. Dingwerth*, 425 F2d 378 (5th Cir.) is misplaced; the harmful charge in *Bender* differs substantially from the charge in this case. While federal court decisions are deemed highly respectable and persuasive authority (*Custom One-Hour Photo of Ga. v. C & S Bank*, 179 Ga. App. 70 (345 SE2d 147)), the federal court cases cited by appellant are not binding on this court unless adopted by it. *Benford v. State*, 189 Ga. App. 761, 763 (377 SE2d 530). We decline to depart from the well-established Georgia rule that jury instructions must be read and considered as a whole in determining whether the charge contained error. *Hambrick*, supra.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED OCTOBER 1, 1993.

*Steven J. Strelzik*, for appellant.
*Greene, Buckley, Jones & McQueen, Frank C. Schenck*, for appellees.