## A99A1572. HANCOCK v. BRYAN COUNTY BOARD OF EDUCATION et al.

(522 SE2d 661)

ELDRIDGE, Judge.

Because of abusive behavior, plaintiff-appellant Shirley Hancock's grandson was suspended from riding the school bus. The next morning, Hancock boarded the school bus on one of its regularly scheduled stops and attempted to talk to the school bus driver, defendant Emmanuel Sarbee, about the suspension. Sarbee asked Hancock to leave the bus, since school policy precluded the discussion of discipline problems while the bus was en route and also prohibited parents and other adults from boarding the bus. Hancock fell as she disembarked. Seeking recovery for a back injury she allegedly sustained during the fall, Hancock filed a negligence action against Sarbee, the Bryan County Board of Education, and the defendants'

---

insurance carrier. A Bryan County jury found for defendants. Hancock appeals the verdict. Finding no error, we affirm.

1. Hancock first contends that the trial court violated the "best evidence" rule by permitting defense witness Dr. Bobby Rahn to testify that Sarbee's actions were in compliance with the Rules & Policies of the Bryan County Board of Education without first requiring that a copy of said Rules be placed into evidence. However, Hancock did not raise a "best evidence" objection to Rahn's testimony regarding the Rules & Policies. Such specific objection must be made at trial, or it is waived. *Campbell v. State*, 228 Ga. App. 258, 263 (3) (b) (491 SE2d 477) (1997). Further, prior to Rahn's testimony, the substance of the relevant Rules & Policies was put before the jury — without objection — through the testimony of another defense witness. A copy of the Rules themselves would be merely cumulative of such testimony. See, e.g., *Adams v. State*, 217 Ga. App. 706, 707 (1) (459 SE2d 182) (1995).

2. In enumerations of error 2 and 3, Hancock contends that the trial court erred in charging the jury (a) that, upon her entry onto the school bus, Hancock was either a licensee or a trespasser; and (b) regarding the standard of care owed to each, i.e., the duty not to wilfully or wantonly injure. However, Hancock's counsel specifically requested that the trial court charge the jury on the law regarding trespassers and the "wilful and wanton" standard of care. Also, during a colloquy with the trial court, Hancock's counsel specifically suggested that Hancock's status might be that of a licensee. "A defendant cannot complain of a verdict which was brought about by a charge which he had requested. One cannot complain of a . . . charge that is aided by his own trial tactics, procedures, and conduct." (Citations and punctuation omitted.) *Taylor v. State*, 195 Ga. App. 314, 316 (4) (393 SE2d 690) (1990).

Further, Hancock's alternative contention that, upon boarding the school bus, she was a "passenger" on a "common carrier" is incorrect as a matter of law. A school bus is not a motor common carrier. OCGA § 46-1-1 (9) (C) (i); see also Division 5, infra. Hancock's unauthorized boarding of the school bus did not make her a "passenger" thereon. *White v. Boyd*, 58 Ga. App. 219 (198 SE 81) (1938); see also OCGA § 46-1-1 (10). Accordingly, Hancock's enumerated allegations are without merit.

3. We find no error in the trial court's denial of Hancock's belated oral request to charge that a person intends the natural and probable consequences of his or her acts.[1] "It is never error to deny an oral

---

[1] Such oral request was made after the close of evidence and following the defendants' final argument. See OCGA § 5-5-24.

request to charge." (Citations and punctuation omitted.) *Shilliday v. Dunaway*, 220 Ga. App. 406, 409 (5) (469 SE2d 485) (1996).

4. In her fifth enumeration of error, Hancock contends that the trial court erred in charging the jury on the legal principle of "assumption of the risk." However, following the trial court's charge, there was no objection to charging the jury on assumption of the risk. Hancock's only objection with regard thereto was in the trial court's failure to define two legal terms used in the charge. "An objection to a charge in a civil case must be made after the court instructs the jury and before the jury returns a verdict; an objection made only at a charge conference is insufficient to preserve an issue for appeal." (Citation and emphasis omitted.) *Bruno v. Evans*, 200 Ga. App. 437, 441 (4) (408 SE2d 458) (1991).

Moreover, we reject Hancock's contention that, even in the absence of an objection, the trial court's charge on assumption of the risk requires review pursuant to OCGA § 5-5-24 (c). OCGA § 5-5-24 (c) must be strictly construed "to prevent emasculation of subsection (a)," which requires specific objection to the charge. (Citations omitted.) *Moore v. Sinclair*, 196 Ga. App. 667, 672 (6) (396 SE2d 557) (1990). The instances in which the subsection applies are extremely rare and are applicable only to those cases in which an erroneous charge or failure to charge results in a "gross injustice." *Gray v. Elias*, 236 Ga. App. 799, 802 (513 SE2d 539) (1999). Here, the defense presented evidence that Hancock fell because she attempted to exit the bus by "stepp[ing] backwards, blindly, not seeing where [her] foot was gonna land" and that she knowingly assumed the risk of falling by engaging in such dangerous action. This issue presented a question of fact for the jury to decide and was supported by the evidence. *Wade v. Mitchell*, 206 Ga. App. 265, 270 (424 SE2d 810) (1992). Accordingly, Hancock has failed to demonstrate that the court's charge represented a "gross injustice" upon the trial of this case so as to warrant review pursuant to OCGA § 5-5-24 (c). *Gray v. Elias*, supra at 802.

5. The evidence was undisputed that the school bus in the instant case was engaged solely in transporting schoolchildren and teachers to and from public schools. Thus, contrary to Hancock's assertion, the bus was not a "motor common carrier" as a matter of law. OCGA § 46-1-1 (9) (C) (i); see also Division 2. The trial court did not err in so finding. Hancock's reliance upon case law which precedes the 1993 enactment of the above-referenced statute is misplaced. See Ga. L. 1993, p. 579, § 1.[2]

6. At Hancock's request, the trial court charged the jury on the

---

[2] See, e.g., *Burke County Bd. of Ed. v. Raley*, 104 Ga. App. 717 (123 SE2d 272) (1961).

law regarding a licensee, a trespasser, and the duty of care owed to each. As to the duty of care owed to a licensee, the trial court charged the jury that, "A licensee enters on the property at her own risk, and the owner owes the licensee no duty as to the conditions of the property, except that the owner should not knowingly let the licensee run into a hidden peril or wilfully or wantonly cause her injury."

Hancock contends that there was no evidence of a "hidden peril" and that portion of the charge is completely inapplicable. However, "[a]n inapplicable jury instruction is not grounds for reversal where it does not appear that the inapplicable part was calculated to mislead the jury, erroneously affected the verdict or was prejudicial to the rights of the complaining party." (Citations and punctuation omitted.) *Roberts v. Stennett*, 201 Ga. App. 155, 156 (2) (410 SE2d 356) (1991). The charge as given was a correct statement of the law regarding the duty owed to a licensee. See *Queen v. City of Douglasville*, 232 Ga. App. 68, 71 (500 SE2d 918) (1998), rev'd on other grounds, 270 Ga. 770 (514 SE2d 195) (1999). Hancock has failed to state how she was prejudiced by the instruction.[3] The jury, if they considered the "hidden peril" language at all, obviously rejected it, since they found for the defendants. "Taken as a whole, this charge could not have confused the jury." (Citation omitted.) *White v. State*, 208 Ga. App. 885, 890-891 (432 SE2d 562) (1993).

7. Next, Hancock claims error in the trial court's refusal to give her request to charge on the "last clear chance" doctrine. Hancock contends that such error was preserved by virtue of her blanket objection to the trial court's failure "to give each and every one of her written requests."

> To be reviewable the objection must be unmistakable in its purport in directing the attention of the trial court to the claimed error and must point out distinctly the portion of the charge challenged. The grounds of error urged must be stated with sufficient particularity to leave no doubt as to the portion of the charge challenged or as to what the specific ground of challenge is. The grounds of error urged must fully apprise the court of the error committed and the correction needed to cure the error. General exceptions to a charge given or general exceptions to refusals to charge fail to meet the requirements of OCGA § 5-5-24.

---

[3] In fact, the "hidden peril" language inures to a plaintiff's benefit, since it provides another basis for a defendant's liability to a licensee. Further, although not argued by Hancock, what lay behind Hancock when she stepped off the bus could have been considered by the jury to be a "hidden peril."

(Citation and punctuation omitted.) *T & M Investments v. Jackson*, 206 Ga. App. 218, 222-223 (8) (425 SE2d 300) (1992). Accordingly, the instant claim of error is waived.

8. Hancock claims the trial court's charge on proximate cause was deficient because the charge did not include a definition of proximate cause. However, Hancock did not submit a specific charge on proximate cause, and she has not alleged any definitional language that should have been submitted to the jury. See *Branch v. Maxwell*, 203 Ga. App. 553, 555-556 (5) (b) (417 SE2d 176) (1992). Moreover, the instant case did not involve multiple causes-in-fact of an injury; it was alleged only that defendants' conduct caused Hancock to fall off the bus, and the only question was whether such fall was the cause-in-fact of Hancock's injury. See *Gray v. Elias*, supra at 802-803. Accordingly, we find the trial court's charge on proximate cause sufficient in the absence of a proper request for a specific proximate cause charge. Id.

*Judgment affirmed. Johnson, C. J., Pope, P. J., Blackburn, P. J., and Miller, J., concur. Smith and Barnes, JJ., dissent.*

SMITH, Judge, dissenting.

This is a case in which a jury instruction on proximate cause was strongly indicated, if not demanded, by the evidence. The appellant submitted a specific written request to charge on proximate cause. The trial court responded to appellant's clear and specific inquiry on this point during a bench conference and confirmed that no charge on proximate cause would be given. Appellant excepted to the failure to define proximate cause in the jury instructions. We cannot now construe some other portion of the charge as sufficient to provide an implied or inferential definition of proximate cause, when the giving of an explicit definition was expressly requested and expressly refused.

For this reason, I respectfully dissent.

I am authorized to state that Judge Barnes joins in this dissent.

ON MOTION FOR RECONSIDERATION.

Hancock filed a motion for reconsideration which we have denied. But she raises a specific point with regard to Division 8 of our opinion. Having initially failed to direct our attention to a timely filed request to charge on the definition of "proximate cause," or any discussion on the submission of such charge, Hancock now cites to pages 100, 241, 244, and 248 of the record in this case and contends that this Court "overlooked some portions of the record" which Hancock now "invite[s]" us to "peruse." Such invitation would have been so much more valuable in an appellant's enumerations of error and

supporting brief. And we sincerely invite appellant's perusal of Court of Appeals Rule 27 (b) (1) requiring appellant to cite to any "parts of the record or transcript deemed material." Id. "We have repeatedly held that it is not the function of this court to cull the record on behalf of a party." (Punctuation omitted.) *Rolleston v. Cherry*, 226 Ga. App. 750, 753 (1) (b) (487 SE2d 354) (1997). However, in spite of Hancock's violation of our Rules of Court, we will exercise our discretion to review Hancock's claim of error in order to address an issue of repeated concern.

Hancock claims the trial court's charge on proximate cause was deficient because the charge did not include the following legal *definition* of proximate cause submitted as plaintiff's Request to Charge No. 4:

> Proximate cause is that which, in the natural and continuous sequence, unbroken by other causes, produces an event, and without which the event would not have occurred. Proximate cause is that which is nearest in order of responsible causes, as distinguished from remote, that which stands last in causation, not necessarily in time or place, but in causal relation. It is sometimes called the dominant cause.

In support of this contention, Hancock cites both *Taft v. Taft*, 209 Ga. App. 499 (433 SE2d 667) (1993) and *Cline v. Kehs*, 146 Ga. App. 350 (246 SE2d 329) (1978).

However, a review of both *Taft* and *Cline* shows that the reversible error in each was the trial court's failure to charge the law on proximate cause *at all*. See *Taft v. Taft*, supra at 500-501 ("the trial court failed to define proximate cause *or* to instruct adequately the jury as to the meaning of this concept") (emphasis supplied); *Cline v. Kehs*, supra at 352 (6) ("[t]he trial court did not charge on the issue of proximate cause"). The failure to charge the precise, legal *definition* of proximate cause does not automatically constitute reversal. *Gray v. Elias*, 236 Ga. App. 799, 803 (513 SE2d 539) (1999). Instead, the trial court must charge the jury "as to the legal *meaning* of proximate cause and its application to the facts." (Emphasis supplied.) *Cline v. Kehs*, supra.

In this case, Hancock contended that her back injury resulted from her fall off the school bus; the defendant put forward evidence that Hancock had a chronic back condition *before* she fell off the school bus. In that regard, the trial court charged the jury on the meaning of proximate cause as it related to the facts of the case:

> [P]laintiff contends that she is entitled to recover damages for various medical expenses connected with her injury.

Plaintiff says that [by] reason of the injuries received as alleged, it was necessary for her to have treatment and that she was put to expense in this regards [sic]. I instruct you that if you believe that Plaintiff was injured, as alleged, and is entitled to recover, these are legitimate items for which damages may be awarded. In this event, you would award Plaintiff for these services, such sum as the evidence shows was reasonable and made reasonably necessary by such injury. . . . I instruct you, members of the jury, that no plaintiff may recover for injuries or disabilities which are not connected with the act or omissions of the defendant in this case. There can be no recover for a — no recovery for a particular plaintiff for any injury or disability which was not proximately caused by the incident in question. I instruct you that the burden is upon the plaintiff to establish by a preponderance of the evidence which of her injuries resulted from the negligence, if any, of the defendant and which of her damages and injuries or ailments were caused by some other source other than the defendant. If you find that the plaintiff is entitled to recover, under the instructions I have given you, she will be entitled to recover damages only directly resulting from the — from the acts of this defendant and would not be entitled to recover damages for injuries or ailments the plaintiff experienced from any mental or physical condition existing prior to such actions of this defendant.

"It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." (Citations and punctuation omitted.) *Hambrick v. State*, 256 Ga. 688, 690 (3) (353 SE2d 177) (1987). See also *Delaney v. Lakeside Villa*, 210 Ga. App. 430 (3) (440 SE2d 668) (1993). Here, the trial judge instructed the jury on Hancock's burden of proof and the necessity that Hancock's injury be the direct result of the defendants' negligence. The legal definition of "proximate cause" submitted by Hancock would have been elaborative — and it would have been better had the trial court given this or some other definition of proximate cause — but the court's charge contained the legal *meaning* of proximate cause and its application to the facts. *Cline v. Kehs*, supra. Moreover, Hancock fails to offer any argument whatsoever as to how the trial court's omission to give her definitional charge on proximate cause might have misled or confused a jury of ordinary intelligence. *Clark v. Stafford*, 239 Ga. App. 69, 74 (3) (522 SE2d 6) (1999). As such, we cannot say the charge as given, considered as a whole, was error.

DECIDED SEPTEMBER 14, 1999 —
RECONSIDERATION DENIED NOVEMBER 2, 1999 — 

*Ray C. Smith*, for appellant.

*Barrow & Ballew, Joseph H. Barrow, Edenfield & Cox, Gerald M. Edenfield*, for appellees.