## A00A1734. TESTAMENTARY TRUST OF MOSELEY et al. v. BARNES.
## A00A1735. MOSELEY v. BARNES.
### (538 SE2d 873)

BLACKBURN, Presiding Judge.

In this case involving animal liability, the Testamentary Trust of T. H. Moseley, Sr. and its trustees[1] (collectively referred to herein as the "Moseleys") appeal the trial court's denial of their motion for summary judgment, contending that they had no knowledge that a domesticated bull on the Moseley farm had any dangerous propensities prior to the time it attacked Dale Barnes. For the reasons set forth below, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant [or denial] of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[2]

Viewed in this light, the record shows that, on November 2, 1998, Richard Clay Moseley and Barnes went to a farm owned by the Testamentary Trust to look at some cows. While there, they patted cows and discussed hunting and fishing. Then, they entered a field inhabited by Bullwinkle, a ten-year-old bull raised by Richard Moseley from the time that he was a calf. Bullwinkle approached Barnes, knocked him down, and injured his leg. Following the incident, Richard Moseley's immediate response to Barnes was that "[Bullwinkle's] never done that before."

Each of the Moseleys testified that they had never witnessed Bullwinkle act aggressively prior to his attack on Barnes. In fact, Richard Moseley testified that, prior to the attack, Bullwinkle was treated like a family pet and was always gentle, even allowing children to scratch his head. One of Bullwinkle's handlers testified that "he never was rough with us at all" and that "he was so gentle that he was always the first one in the pen." Furthermore, in his deposition, Barnes testified that he was not contending that Richard Moseley had any knowledge that Bullwinkle was dangerous prior to the

---

[1] The appellants in this case include the Testamentary Trust of T. H. Moseley, Sr., Richard Clay Moseley, individually and as co-trustee, Anne H. Moseley, as co-trustee, and T. H. Moseley, Jr., as co-trustee.

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

attack.

As an initial matter, bulls, like other livestock, are not considered to be statutorily vicious animals. Therefore, as a bull is a domestic animal, a bull owner must have some knowledge of the animal's vicious or dangerous character before he can be held liable for an attack by that animal. *Taft v. Taft*.[3]

In *Taft*, we explained:

> Bulls generally are strong and some bulls are vicious notwithstanding their classification as domestic farm animals. Nevertheless, it cannot be said as a matter of law, or that it is judicially known, that bulls, as a class, are dangerous. . . . Bulls are more dangerous than cows and steers; stallions are more dangerous than mares or geldings; rams are more dangerous than ewes and lambs. However, these animals have been kept for stud purposes from time immemorial so that the particular danger involved in their dangerous tendencies has become a normal incident of civilized life. The virility which makes them dangerous is necessary for their usefulness in performing their function in the socially essential breeding of livestock, and justifies the risk involved in their keeping. Therefore the law has not regarded bulls, stallions and rams as being abnormally dangerous animals.

(Citations and punctuation omitted.) Id. at 500 (1). Accordingly, we held that a livestock owner is liable to "one who sustains injury as a result of the vicious or dangerous tendency of the animal only in the event the owner knows of its vicious or dangerous character." (Punctuation omitted.) Id.

In this case, the only evidence before the trial court was that Bullwinkle had never acted aggressively toward anyone, that he was, to the contrary, uncommonly gentle, and that the Moseleys had no knowledge of any aggressive behavior by Bullwinkle. Moreover, this point was conceded by Barnes. Therefore, the trial court erred in failing to grant summary judgment to the Moseleys.

*Judgments reversed. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 7, 2000.

*Coleman, Talley, Newbern, Kurrie, Preston & Holland, Richard R. Coleman, Edward F. Preston*, for appellants (case no. A00A1734).

---

[3] *Taft v. Taft*, 209 Ga. App. 499, 500 (433 SE2d 667) (1993).

*Alexander & Vann, William C. Sanders*, for appellant (case no. A00A1735).
*John D. Holt*, for appellee.