## A02A1256. YOUNG et al. v. SHELBY.
(566 SE2d 426)

PHIPPS, Judge.

Tony Young and his wife sued Ronnie Shelby and others to recover for injuries inflicted on Young by two bulls owned and raised by Shelby. Shelby moved for summary judgment on grounds that there is no evidence that he had any knowledge the bulls were vicious or dangerous and that Young, in any event, had equal knowledge of the danger posed by the bulls and, therefore, assumed the risk of any injury. The trial court awarded summary judgment to Shelby based on an absence of evidence that he had knowledge of any violent propensities of the bulls. For reasons which follow, we affirm.

"[B]ulls, like other livestock, are not considered to be statutorily vicious animals. Therefore, as a bull is a domestic animal, a bull owner must have some knowledge of the animal's vicious or dangerous character before he can be held liable for an attack by that animal. [Cit.]"[1]

> [S]ome bulls are vicious notwithstanding their classification as domestic farm animals. Nevertheless, it cannot be said as a matter of law . . . that bulls, as a class, are dangerous. . . . Bulls are more dangerous than cows and steers; stallions are more dangerous than mares or geldings; rams are more dangerous than ewes and lambs. However, these animals have been kept for stud purposes from time immemorial so that the particular danger involved in their dangerous tendencies has become a normal incident of civilized life. The virility which makes them dangerous is necessary for their usefulness in performing their function in the socially essential breeding of livestock, and justifies the risk involved in their keeping. Therefore the law has not regarded bulls, stallions and rams as being abnormally dangerous animals. [Cits.][2]

Both Young and Shelby are experienced cattlemen who were displaying bulls during a beef exposition at fairgrounds in Perry. Young

---

[1] *Testamentary Trust of Moseley v. Barnes*, 245 Ga. App. 817, 818 (538 SE2d 873) (2000).
[2] Id.

helped unload Shelby's two bulls from the trailer in which they were being transported into a pen. To accomplish this task, Shelby released the bulls from the trailer, and Young manned the gate of the pen into which the bulls were supposed to run. Instead of entering the pen, however, the first bull collided with a panel on the gate, which broke loose and impaled Young's upper thigh. After being thrust to the ground, Young was trampled and kicked by the bulls.

Although there is no evidence that Shelby's bulls exhibited any dangerous or vicious behavior prior to being shown at the fairgrounds, another cattleman attending the exposition testified by affidavit that he personally observed the bulls shortly after Young's injury, and that they were acting in an inordinately aggressive manner, as shown by their attempts to butt passersby. In the opinion of the affiant, Shelby should not have attempted to show the bulls at the exposition at the time in question. According to Young, Shelby acknowledged that the bulls were "fresh out of the pasture" and "a little bit nervous."

Although the affiant testified about unusually aggressive behavior by the bulls *after* they injured Young, there is no evidence of such behavior *before* the incident. Even assuming a jury could infer from the affiant's testimony that the bulls did exhibit untoward behavior prior to their release by Shelby, there is no evidence that Shelby had any knowledge of such behavior superior to that of Young. Because the true ground of liability in cases such as this is the defendant's superior knowledge, and because there is no evidence to support this element of Young's case, the court did not err in awarding summary judgment to Shelby.[3]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JUNE 10, 2002.

*Reynolds & McArthur, Bradley J. Survant*, for appellants.
*Campbell & Campbell, Douglas M. Campbell, Daniel, Lawson, Tuggle & Jerles, William R. Jerles, Jr.*, for appellee.

---

[3] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).